### ABIEL GAYLORD AND AARON BISSELL *against* STOUGHTON GAYLORD.

In debt on an arbitration bond, it appeared from the plaintiff's replication, that *A*. and *B*. submitted, by a written submission, all claims and demands, of every name and nature, in law or equity, which each had against the other, and the arbitrators were empowered to adjust such claims and demands, and to allow to each what should be adjudged just and reasonable; that the arbitrators met pursuant to the submission, and awarded that *B* was indebted to *A*.

WRIT of error.

This was an action of debt on an arbitration bond against *Abiel Gaylord* and *Bissell*, with a condition that said *Abiel* should comply with, and abide by, the award of arbitrators upon certain matters of controversy subsisting between him and *Stoughton Gaylord*, and by them submitted.

The defendants pleaded that no award had been made and published by the arbitrators.

The plaintiff replied, setting forth the submission and award. The submission was as follows: " Whereas there are various claims and demands subsisting between us the undersigned *Abiel Gaylord* and *Stoughton Gaylord;* and whereas there are two suits at law now pending in the county court for *Hartford* county, one in favour of said *Abiel* against the said *Stoughton*, and one commenced by the said *Abiel* in the name of *William Grant* against the said *Stoughton :* now to the end that the said claims may be adjusted, and said actions finally settled, I, the said *Abiel*, do agree to withdraw the said actions, and do hereby discharge the said *Stoughton*

in a certain sum, and that *A*. should recover the same of *B*. with costs of arbitration; and that this award was written upon the paper containing the submission. The replication also averred, that the award was made in and upon the matters submitted. On demurrer to this replication, it was held that the award was good, being sufficiently certain, final, and mutual.

6

wholly from them ; and it is mutually agreed by and be-
tween us the said *Abiel* and *Stoughton*, that all claims
and demands of every name and nature, in law and
equity, that we have against each other, shall be submit-
ted to the final arbitrament and award of *Daniel Rock-
well*, Esq. and Messrs. *Abiel Wolcott* and *John Morton*,
all of *East-Windsor ;* and it is agreed by the undersigned,
that said arbitrators, in adjusting the mutual claims of
the said *Abiel* and *Stoughton*, shall allow to the parties
all claims and demands, which, according to law and
evidence, shall be adjudged just and reasonable.  And
it is agreed by and between us the undersigned, that the
said arbitrators make and publish their award concern-
ing the premises, on or before the first day of *January*,
1809.  Dated at *East-Windsor*, the 23d day of *November*,
1808.

    (Signed)               " *Abiel Gaylord.*
                            " *Stoughton Gaylord.*"

    The replication then averred, that on the 31st day of
*December*, 1808, the arbitrators, by virtue of the autho-
rity thus committed to them, made and published their
award in writing upon the paper containing said submis-
sion, " in and upon the whole matter so as aforesaid
submitted to them."  The award was as follows: " In
pursuance of the authority to us by the parties delegated
as above, we the undersigned met at the house of Capt.
*Aaron Bissell,* innholder, in the town of *East-Windsor*,
on the 30th day of *December*, 1808; and having notified
the parties, they appeared and were heard with their wit-
nesses, exhibits and counsel;  and on mature delibera-
tion, we do award, that the above named *Abiel Gaylord*
is indebted to the said *Stoughton Gaylord* the sum of 438
dollars and 70 cents; which said sum we award for the
said *Stoughton* to recover of the said *Abiel*, together with
the sum of 9 dollars and 26 cents, costs of arbitration, as

taxed and allowed by us. Dated at *East-Windsor, December* 31, 1808.

(Signed)

    " *Daniel Rockwell.*
    " *John Morton.*
    " *Abiel Wolcott.*"

The defendants demurred to the replication, and the plaintiff joined in the demurrer.

The court adjudged the replication sufficient; whereupon the defendants brought this writ of error, assigning the general error.

*Dwight* and *H. Terry*, for the plaintiffs in error. The award must be on the matters submitted. If, however, various subjects are mentioned in the submission, and the award is " of and upon the premises," it is sufficient. Or, if the parties on the hearing make known one out of several, and the award is on that signified to them, it is good· But to make a good award, something must be heard and determined, and the award must be a bar so far as relates to the thing decided. What thing or things are decided by this award? The award finds *Abiel Gaylord* indebted only. Does this finish all the matters mentioned in the submission? Does it finish any of them? If so, which is it? The award is not " of and upon the premises." *Kyd on Awards*, 175, 176. *Bacon* v. *Dubarry*, 1 *Ld. Raym.* 246. *Hawkins* v. *Colclough*, 1 *Burr.* 274.

The sum found due from *Abiel Gaylord* is not awarded to be in full. Discharges are not awarded. But it is said, that the sum when paid operates as a discharge. What demand in favour of *Stoughton Gaylord* is discharged by this award? Where an award is made on narrower ground than the submission, the award ought to point directly to some particular object that was heard and determined. This award does not.

*T. S. Williams*, for the defendant in error.(a) The ob-

(a) *Trumbull* was to have argued on the same side, but was necessarily absent when the case was called on.

jections to this award are, either that it does not embrace all the matters submitted, or that it is not final. And the last objection is included in the former.

That it embraces all the matters submitted is apparent from the award itself; and if not, is shown by the replication.

1. From the award. Whatever ancient rules may have prevailed as to the certainty necessary in awards, certainty to a common intent is all that is now required. *Hawkins* v. *Colclough*, 1 *Burr.* 274. 277.

Releases need not be awarded, nor need the thing to be done be said to be in satisfaction of the demand. *Kyd*, 153. 1 *Salk.* 70. *in notis.* *Bean* v. *Newberry*, 1 *Keb.* 790. *Ratcliff* v. *Bishop*, *id.* 865.

It is admitted, that if the award was said to have been made *upon the premises*, it would have been good. But those words are not necessary; it is sufficient that that is the rational and fair presumption. *M'Kinstry* v. *Solomons*, 2 *Johns. Rep.* 57. 61.

By comparing this award with the submission, it will appear that this is the fair presumption. The arbitrators profess to act by virtue of the authority delegated to them; in other words, *upon the premises;* at least, this is the fair presumption from the language used. It being so, it lies upon the opposite party to show if the fact be otherwise. For when a particular difference is submitted, and an award of a general release, the party claiming that the arbitrators exceeded their power, must show that there were other differences than the one submitted. *Kyd*, 113. *Hill* v. *Thorne*, 2 *Mod.* 309. *Ormelade* v. *Coke*, *Cro. Jac.* 355. *Ingram et al.* v. *Milnes*, 8 *East*, 445. 449.

So, if an award is averred to have been made *de præmisis*, and it seems to contain more than is submitted, that must be shown by the party claiming to avoid it. *Goff* v. *Brown*, *Hob.* 190.

2. But were it otherwise, the averment in the repli-

June, 1810.

GAYLORD
v.
GAYLORD.

cation would ascertain the extent of the award. It is averred to have been made "*upon the whole matters submitted*." This is, at least, equal to an averment that it was made of and concerning the premises. And although it seems to have been doubted in *Bacon* v. *Dubarry*, whether such an allegation will have any effect; yet the case was not decided upon that point. 3 *Ld. Raym.* 245. And even if it had been, modern opinions and modern decisions are against it. 1 *Salk.* 70. *Evans's note. Denison*, J. 1 *Burr* 277. And in *Cayhill* v. *Fitzgerald*, 1 *Wils.* 28. 58. it was determined, that it appearing by the replication to be of and concerning the premises, the award was good, although this was not stated in the award itself.

EDMOND, J. (after stating the case.)   The plaintiffs in error allege that it does not appear from the award set out in the replication, that the arbitrators awarded on the matters submitted; that the award set out is not final nor mutual; that it is not so expressed as that it can be pleaded in bar, either at law or in equity. Awards are to receive a reasonable and liberal construction.   Technical nicety is not requisite. 1 *Burr.* 277. From the submission set forth in the plaintiff's replication, it appears that the arbitrators were fully authorized, at the time of the award made, to *adjust*, and make a final award upon, *all* claims and demands of every name and nature, that each had against the other, without exception; and to allow to each *all* claims and demands that should be adjudged just and reasonable.   It further appears from the face of the award, that the same arbitrators named in the submission actually met; notified the parties; the parties appeared, and were heard with their witnesses, *exhibits*, and counsel; and on mature deliberation, the arbitrators awarded, that the *above named Abiel Gaylord was indebted to the said Stoughton Gaylord* the sum of 438 dollars and 78 cents, which they awarded the said *Stoughton* to recover of the said *Abiel*,

3

June, 1810.

GAYLORD
v.
GAYLORD.

*&c.* With all these facts in view, and nothing more appearing, it is impossible that any reasonable doubt should exist as to the parties intended by the award, or whether the award was made upon the matters of controversy and claims then and there exhibited, heard, and maturely considered by the arbitrators.

But to render the intent of the award plain beyond a possibility of doubt, there is an averment in the replication, " that on the 31st day of *December*, 1808, the said arbitrators, by virtue of the authority to them committed as aforesaid," (that is, by the submission recited,) " made and published their award in writing upon the paper containing said submission, in and upon the whole matters so as aforesaid to them submitted, in the words and figures following ;" reciting the award. This averment is neither inconsistent with, nor repugnant to, the award. That they had authority so to do appears from the submission. There is nothing in the award to negate it. Does the award support it ? That an averment in some cases may be admitted to support an award which has the appearance of being uncertain, as where from the nature of the thing awarded, the award may be ascertained from something else, I think will not be doubted ; and especially where the award manifestly refers to something else, which is certain in its nature, and is illustrative of the award itself. The award begins in these words: " In pursuance of the authority to *us* by the parties delegated as above, we the undersigned," &c. Here is a manifest reference to something preceding, as illustrative of the authority by which the arbitrators acted; by whom given, and how they proceeded.

Suppose the paper containing the recited submission was produced with the recited award at the bottom of the submission, or even on the back of it; I think it would not be soberly questioned, whether the arbitrators acted in making their award, by virtue of the authority

contained in the submission, or whether they made and published their award in the matters submitted as averred.

In respect to the mutuality of the award, &c. The award settles the mutual claims of the parties submitted to the arbitrators.

The plaintiff in error is awarded to be *indebted* in a sum certain to *Stoughton Gaylord;* and *Stoughton Gaylord* is awarded to recover it. The payment and receipt of the money will be a satisfaction of the mutual claims submitted, and operate as a final discharge.

It is further said, that the award is so expressed that it cannot be pleaded in bar, &c. There is no reason why it cannot. The award will be a bar to every claim between the parties existing at the time of the submission, unless the party bringing the action can show that his cause of action was not included, or not considered in the submission.

For these reasons, I am of opinion that in the judgment of the superior court there is nothing erroneous.

In this opinion the other judges severally concurred.

Judgment affirmed.