Per Curiam.

We are of opinion, that the words written in the margin of the award, by the arbitrators, are to be considered as part of the award, and to receive the same construction as if they had been inserted in the body of the instrument. The words form a distinct sentence, and the meaning is the same, whether they be read in one place or another, after any distinct sentence. Besides, these words are merely explanatory of what would have been the operation and effect of the award, if they had not been inserted.
We are of opinion, also, that the omission of the word dollars in the counterpart award delivered to the defendants is not *371 catal, when taken in connexion with the proof, that the other part, in which there is no such omission, was shown to the defendants when they received the copy of the award. The plaintiff is, therefore, entitled to judgment for the sum awarded to him, with interest, but not for the thirty dollars, awarded to be paid by the defendants to the arbitrators. There is no evi~ dence that the plaintiff has paid that sum for the defendants; and if he had paid it, it is very questionable whether he could recover it in an action on the award. it does not even appear that the plaintiff has paid his own half of the charges of the arbitrators. A mere liability to pay, without actual payment, gives no right of action by either parly against the other.
Judgment for the plaintiff.