The opinion of the court- was delivered by
Huston, J.
Aaron Furman, the plaintiff below, brought debt on an arbitration bond; issues were joined on the pleas of no award and covenants'performed.
The material parts of the submission were as follows:—
“ The parties do submit all matters in variance, &c., to, &e.; that is to say, a matter in dispute between us relative to a certain grist mill and five acres of land, on which the said mill stands, together with all books, accounts, debts, and demands, of whatsoever name or nature,” &e.
This being read, a paper containing the award of the arbitrators, under their hands and seals, was offered in evidence, and objected to. The material part was as follows:—
“We do award, arbitrate, and determine, that the said Dudley Hewitt, his heir's, executors, or administrators, shall deliver to the said Haron Furman, one-third, part of the saw mill and one-third part of the mill yard* and one-third part of the privilege of the water, and a sufficient quantity of land to make in all two-thirds of five acres, bounded,' &c., to be so surveyed as not to include Dudley Newitt’s dwelling-house and barn; and the said Aaron Furman is to remove a certain grist mill adjoining the said saw mill, within the term of three months. And each party shall pay the one equal proportion of the costs that have accrued in this suit.” I would just observe, that as there was no suit, it must mean, in this arbitration.
There was an objection to admitting this award in evidence: it was set out in the pleadings, in the plaintiff’s replication, and issue taken on it. The defendant might have demurred to it, if he believed it clearly void for uncertainty; or he might intend by evidence to prove, that, when considered with relation to facts, and location and places, it was absurd; and it appears he did attempt such proof. There was no error in admitting it in evidence; for even if suspicious on its face, the plaintiff might and did support it by evidence. *
*137 There was afterwards an opinion of the court, that on the face of the award it was not void, and whether invalidated or supported by the parol evidence given on both sides, was left to the jury.
There are many cases of common occurrence in some parts of this state, to which there is nothing similar in all our books. Nothing is more common than an agreement that A. shall settle on a piece of vacant land, and by his residence and raising grain put himself in a situation to take out a warrant; that B. shall pay the price of the warrant and survey and patent, and then the land to he equally divided between them; but the division lines to be so run as to leave the house and cleared land in the part allotted to A., the actual improver. It is of ordinary occurrence, that two or more shall agree to buy a few acres for a saw mill; and erect it in partnership; if one of them wishes to build a dwelling-house, and the others are single men, nothing hinders them from agreeing that he may build a house, and, that on a partition, his part shall be so located as to include his house. In the case before us, suppose there were originally three persons concerned, and they agreed as above, that Dudley Newitt might build a house. One of the three, wishing to quit, sells his share of the saw mill, yard and water right, to Newitt, and his share of the land not used with the mill to Furman. This will bring the rights of the parties precisely to agree with the award. But it is said it might be impossible to make partition according to the award. Be it so. Our laws contemplate such cases, and provide that the property may be sold, and the money divided. The hundredth part of a house, a mill, a furnace, &c., cannot easily be set off in\severalty, and without a Court of Chancery, it may not be easy to do much with an interest of that kind. The other parties may, however, deny that one of the tenants in common has any interest, or so large an interest as he claims, and he may bring an ejectment. The jury find he has an interest, and define precisely what that interest is. The verdict is good, though it may be impossible to procure it to be set off in severalty in a writ of partition. The above, then, might have been good as a -verdict, and therefore may be good as an award. The jury, on all the evidence, found it a good award. If we can suppose a state of facts on which an award would be good, I think we would, on demurrer, .be bound to suppose such facts existed; but, after a trial and verdict, we are clearly bound to assume that to be the case.
It does appear, that it was expected that the arbitrators should make the partition. They have settled the right and interest in the premises. As was said before, it may be impossible to make partition.
The submission mentions books and accounts, and it was objected that the award makes no mention of, or decision of, any such matter. If there had been any dispute about these, and they had been submitted to the arbitrators, and they had not acted on them, *138 this might have been proved to the court and jury; but no such proof was offered, and in such case the intendment is, that the arbitrators acted on all that was laid before them. The law on this subject has been so long settled, and the principle on which it is founded is so plain, that it, ought not to be questioned at this day. Another objection was made as to costs. As the costs are always part of the dispute, it seems strange there ever was any doubt about the power of the arbitrator to award costs. It seems, however, to have become the settled law in England, that in a suit pending, the arbitrator, unless otherwise stipulated in the submission, or directed by law, may award costs, and they are taxed by the officer. But, in a case referred, and no suit pending, an award of costs is bad, because there is no person to ascertain them; an award of a precise sum as costs is good, for it is certain. In this case the arbitrators made a bill of the costs, and subjoined it to the award., The objection, then, for uncertainty, does not apply. The judgment is affirmed.
Judgment affirmed.,

 No parol evidence appeared upon the record, as it came into the hands of the Reporter,