## SPOFFORD *vs.* SPOFFORD.

Where there was a general submission to arbitrators of all controversies and demands, by arbitration bond, and an award was made, reciting that the parties had had a full hearing before the arbitrators, and awarding a certain sum to the plaintiff, and costs, without requiring releases from the plaintiff on payment of the same—*Held*, that the award was mutual and final, and when paid its legal effect was to discharge all claims of the plaintiff against the defendant, all demands having been laid before the arbitrators.

Where the declaration in such case alleged the award to be in full of all claims —*Held*, that the award sustained the declaration, such being its legal effect.

Where, in an award furnished to each party, there was some slight variance in the phraseology, not altering the sense in any manner—*Held*, to be immaterial.

Arbitrators appointed by arbitration bond have authority to adjudge costs.

DEBT upon an award. The declaration alleged that the parties to this action, on the 19th of February, 1838, entered into an arbitration bond, to submit to certain arbitrators, mutually chosen by them, all suits, claims, demands and controversies, of whatsoever nature or description, to the final decision and award of said arbitrators—that due notice was given, a hearing had, and an award made by said arbitrators that the defendant in this suit should pay the plaintiff the sum of two hundred and seventy-five dollars; which, when paid, should be in full satisfaction of all demands of the plaintiff upon the defendant; also, that said defendant should pay the plaintiff the sum of eighteen dollars, costs of reference.

The defendant, after craving oyer of the bond and award, pleaded that he had performed the award, and did not owe

the plaintiff; and gave notice that he should deny the making and publishing of the award, and rely upon any defect of proof to show a breach of the bond.

Upon trial the plaintiff produced a bond, executed by the defendant to the plaintiff, dated February 19, 1838, conforming to that set forth in the plaintiff's declaration; and an award dated March 24th, 1838, with evidence that the same was published to the parties that day.

The award offered in evidence did not set forth that the sum found for the plaintiff was in full satisfaction of all demands of the plaintiff upon the defendant, as alleged in the declaration, but was merely an award to the plaintiff of the sums named in said declaration.

The defendant then produced another paper, under the hands of the arbitrators, bearing the same date, and purporting to be an award for a similar amount, but varying in some respects from the award offered in evidence by the plaintiff, and proved that it was the paper delivered to him as an award.

The award offered by the plaintiff was on the back of the arbitration bond, and in describing the parties and arbitrators reference was made to them as named " in the within bond," while the award handed the defendant was on a distinct paper, and the parties and arbitrators were described at length, without such reference. There was no other variance in the awards, except some slight change in the phraseology, in no manner altering the sense.

Upon the evidence offered, the defendant objected, 1. That the award was not mutual. 2. That there was a variance between the award exhibited by the plaintiff and that stated in the declaration—the declaration stating that the award was in full satisfaction, and the award produced containing no such matter. 3. That there was a variance between the award produced by the plaintiff and that given to the defendant, in matter of form; and that the bond required the award to be in writing, and here were two different writings.

4. That the referees had awarded costs of reference to the plaintiff, which they were not authorized to do by the submission.

A verdict was taken for the plaintiff, by consent, judgment to be rendered thereon, or the verdict to be amended, or set aside and judgment entered for the defendant, according to the opinion of this court upon the foregoing case.

*Bartlett & Farrar*, for the defendant, contended that the English authorities and authorities in Massachusetts, were against the assumption of power on the part of arbitrators to charge the costs of arbitration, and that where submission was by bond arbitrators could not award costs; and cited *Willes* 64, *Candler* vs. *Fuller*; 8 *Mass. R.* 398, *Peters* vs. *Pierce*; 10 *Mass. R.* 442, *Cutter* vs. *Whittemore*; *Watson on Awards* 97.

They also insisted on the other grounds taken in defence.

*Bell & Betton*, for the plaintiff, contended that it was sufficient in all cases to declare according to the legal effect of the instrument in suit. 1 *Chit. Pl.* 303, 352; 10 *Mass. R.* 235, *Lent & a.* vs. *Padelford*; 1 *Barn. & Cres.* 18, *Boone* vs. *Mitchell.* And that the legal effect of the award declared on, when paid, was, as alleged, the full satisfaction of all demands of the plaintiff upon the defendant.

To the points that the award was mutual and final, and that arbitrators might determine and adjudge the costs of reference, 2 *N. H. Rep.* 182, *Joy* vs. *Simpson*, and 8 *Mass. R.* 398, *Peters* vs. *Pierce*, were cited.

UPHAM, J. The first exception taken in this case is, that the award is not mutual. The submission, however, is in full of all suits, controversies, claims and demands whatsoever; and the award recites, that having heard, examined and considered all the allegations and witnesses of both parties in relation to the same, it is adjudged that the plaintiff recover of

Spofford *v*. Spofford.

the defendant the sum of two hundred and seventy-five dollars, and costs of reference taxed at eighteen dollars. If the award is not mutual it is clearly void.

By the early English authorities it was holden, that an award that one party shall pay the other a sum of money, is bad for want of mutuality, unless it appear upon what authority the money is to be paid, or something is awarded *e converso ;* also, if arbitrators award every thing to be performed on one part, and nothing on the other, which is said to be the case here, their award is void. 1 *Ld. Raym.* 246, *Bacon* vs. *Dubarry ;* 1 *Saund.* 326, *Veale* vs. *Warner ;* 1 *Lutw.* 520, *Marks* vs. *Marryatt ; Ditto* 281, *Russell* vs. *Williams.*

Where, however, *from the recital in an award* it appeared that the arbitrators designed the award to be a final discharge of all claims by the party in whose favor the award was made, and awarded a given sum to such party, it was holden to be mutual. 1 *Lutw.* 54, *Elliot* vs. *Cheval ;* 1 *Lev.* 58, *Harris* vs. *Knipe ; Ditto* 133, *Hopper* vs. *Hackett.*

And in *Peters* vs. *Pierce,* 8 *Mass. R.* 398, Mr. Justice Sedgwick remarks : " It has frequently been determined, where an award has directed money to be paid, or an act to be done by one of the parties only, it is sufficient if the award appears to be made *de et super præmissis.* The reason is, that in such case a performance on one part will operate as a release on the other. Now the expression, ' *of and concerning the premises,*' has no peculiar effect, more than any other expression of the same meaning ; and I think that the arbitrator, when he says, as in this case, *after examining all the business referred to him,* he makes his award, signifies his intention that it shall be a final decision of the subjects referred to him, as clearly as he would have done if he had expressed his award to be made of and concerning the premises." 1 *Wills.* 28, *Cayhill* vs. *Fitzgerald ;* 1 *Bur.* 274, *Hawkins* vs. *Clough.*

This authority is conclusive of this case. There are other authorities which go directly to the point that an award of

payment of a specific sum is final and sufficient, without requiring a release from the party to whom it is paid. 2 *Johns.* 57, *McKinstrey* vs. *Solomons ;* 13 *Johns.* 27, *same case ;* 5 *Wend.* 268, *Byers* vs. *Van Deusen.* Such an award is held to carry in itself a mutuality, as it must be in satisfaction of the matter submitted. 3 *Caines* 254, *Weed* vs. *Ellis ;* 6 *Greenl.* 247, *Gordon* vs. *Tucker ;* 4 *Day* 422, *Gaylord* vs. *Gaylord.*

Under these decisions the award in this instance is clearly mutual ; and it is also final, which disposes of another exception in this case.

The award of a given sum, under this submission, and payment of the same, operates as a discharge of all claims and demands of the plaintiff against the defendant. The declaration recites the award, and alleges that when paid it will be in full satisfaction of all such demands. This is excepted to, as a variance from the award. The award, however, is truly recited, with the additional allegation of its operation as a discharge at law ; and it is held to be sufficient in all cases to declare upon an instrument according to its legal effect. There is no essential variance, therefore, betwixt the declaration and award.

A farther exception is taken, that in the awards given to the parties there was some slight variation in their phraseology, as drawn up. But the case finds that there was no difference in the sense.

It is holden that when arbitrators deliver to one of the parties a paper purporting to be their award, different from that which was delivered to the other party, the variance is fatal, and both are void. *Coxe* 435, *Green* vs. *Lundy.* But this must be a substantial variance. A mere immaterial variance in the description of the parties, or in some other unimportant respect, in no manner altering the sense, will not vitiate an award. 14 *Johns.* 368, *Platt* vs. *Smith.* The awards made in this case are precisely the same in substance, and in a legal point of view are but one award. Either

Spofford *v.* Spofford.

fully supports the declaration; the difference is merely nominal, and the award cannot be set aside for this cause.

The award also allows the plaintiff costs, which is excepted to. There is some controversy in the decisions as to the authority of arbitrators, *under arbitration bond*, to award costs. The early English authorities hold that such power did not exist in arbitrators, unless specially committed to them by the terms of submission. 2 *Pet. Ab.* 253, *and authorities cited.* These authorities have been followed to some extent in this country. 8 *Mass. R.* 399, *Peters* vs. *Pierce;* 6 *Conn.* 696, *Alling* vs. *Munson.* At the same time, referees appointed under a rule of court, both here and in England, have been holden to have jurisdiction on the subject of costs. 2 *D. & E.* 644, *Roe* vs. *Doe; Willes* 62, *Candler* vs. *Fuller;* 2 *Mass. R.* 164, *Nelson* vs. *Andrews;* 15 *Pick. R. Bacon* vs. *Crandon.*

In New-York and Pennsylvania the rule has been uniform, both as to submission by bond and by rule of court, that arbitrators may award costs. 14 *Johns.* 161, *Strang* vs. *Ferguson;* 16 *Serg. & Rawle* 135, *Hewitt* vs. *Furman;* and the same has been holden in this state, in 2 *N. H. Rep.* 179, *Joy* vs. *Simpson;* 5 *N. H. Rep.* 229, *Brown* vs. *Mathes;* and the question should be regarded as fully settled here in favor of such authority.

The exceptions taken are, therefore, overruled, and there must be

*Judgment on the verdict for the plaintiff.*