## BALDWIN & ESKRIDGE *vs.* JENKINS & LUCAS.

An agreement indorsed upon an absolute deed of conveyance, to the effect that the vendee should execute certain notes for the purchase-money, with security, and that the agreement should "act as a lien" upon the land mentioned in the deed until the notes should be satisfied in full, signed, sealed, and acknowledged by the vendor and vendee, and recorded with the deed, is to be regarded as a part of the deed, and operates as a deed upon the land.

In equity, the clear and certain intention of the parties must determine the character of a written instrument; and although an agreement in writing

Baldwin et al. *v.* Jenkins et al.

does not purport to convey land in mortgage, yet, if such be the evident intention of the parties, it will be held to be a mortgage ; no precise form of words being necessary to constitute a mortgage.

The equity of redemption of a mortgagor is not the subject of seizure and sale under an execution at law ; and if the mortgagee, or those claiming under him, cause an execution, issued upon a judgment founded on the mortgage debt, to be levied upon the land, a purchaser of the land at a sheriff's sale cannot, upon that ground, in a case unmixed with frand, oppose an application for a foreclosure of the mortgage ; though he may be substituted to the rights of the mortgagee, to the extent of the amount of his bid at the sheriff's sale.

*Goodwin* v. *Anderson*, 5 S. & M. 730, cited and confirmed ; and the correctness of the decision of the chancellor, in *Thompson* v. *McGill*, Freem. Ch. Rep. 401, questioned.

Where property is sold under execution for less than half of its cash value at the time, it is a circumstance (though of no very conclusive character) from which it may be inferred that the bidders at the sale were aware of the fact, (if the fact was so,) that the title of the defendant in execution was not perfect.

In error from the circuit court of Yazoo county ; Hon. R. C. Perry, judge.

The facts of the case are sufficiently stated in the opinion of the court.

*Miles & Battaile*, for plaintiffs in error.

A memorandum or indorsement on a deed made at the time it is executed is part of the deed. 4 N. Hamp. Rep. 171 ; 5 Pick. 181 ; 3 Bibb's R. 10 ; 12 Mass. 456 ; 6 Durn. & E. 737 ; 8 Ib. 483 ; 14 East, 586 ; 4 Mass. 245 ; 14 John. 487.

No particular form is necessary to constitute a mortgage. 2 Dessaus. R. 571 ; 7 Cranch. 218 ; 2 Call's R. 354. Every contract for the security of money by the conveyance of property, and real estate in particular, is a mortgage. 7 John. Ch. R. 40 ; 7 Cranch, 218 ; 5 Paige, 9 ; 3 Wend. 208 ; 1 Rand. 306 ; 12 Mass. 456 ; 17 S. & R. 70 ; 2 J. J. Marsh. 471. In every case, in order to ascertain whether a contract amounts to a mortgage or not, the inquiry should be, whether the contract in the specified case, is a security for the payment of money or not. 1 Pow. on Mortg. 5, notes (2,) (3,) and au-

thorities cited; 2 Cow. 324; 2 Yerg. 6; 2 Amer. Ch. Dig. 179.

The agreement for the retention of the land in this case, refers to the deed on which it is written, for the land intended as the security, which was part of the agreement for the lien or mortgage. 6 Pick. 460; 5 Mason, 410; 1 Bailey, 128; 5 John. 335; 17 Mass. 207. A deed, absolute in its terms, if accompanied by a contemporaneous covenant implying a qualification, may be construed into a mortgage. 3 Hill, (N. H.) R. 95; 18 Pick. 299; 1 Metc. 117; 6 Hill, (N. H.) 143; 10 Ohio, 433; 1 Rob. (Va.) R. 148.

An absolute bill of sale, with a condition written under it that it should be void on the payment of a sum certain, on a day named, is but a mortgage. *Kent* v. *Allbritain*, 4 How. 317. Where it was stipulated in a deed for the sale and conveyance of land, that the same should remain bound for the payment of the purchase, secured also by promissory notes, a bill filed to foreclose, and sell the land by the assignment of the notes, will be entertained. *Planters Bank* v. *E. J. Pinkerton*, S. & M. Ch. R. 40.

A mortgage duly recorded, is constructive notice to every body. *Rollins* v. *Callender*, Freem. Ch. R. 295. In this case, the mortgage had been recorded several years before the sale.

An equity of redemption in real estate, cannot be subject to seizure and sale under an execution at law, it being a mere equity. 7 S. & M. 630, 651; *Goodwin* v. *Anderson et al.*, 5 Ib. 730; *Thornhill* v. *Gilmer*, 4 Ib. 153; 17 John. 350; 1 Pick. 399; 10 S. & M. 559. The jurisdiction of the circuit court to foreclose a mortgage is concurrent, equal, and co-extensive with that of the chancery court. S. & M. Ch. R. 513; 3 S. & M. 493.

*Wm. E. Pugh*, for defendant in error.

A mortgage is a transfer of the property itself, as security for the debt. 1 Peters, R. 441. A mortgage conveys an estate upon which a real action may be maintained. 2 Mason, 531; 3 U. S. Dig. 28, No. 6. The writing on the deed is only an agreement between the parties, setting forth that the con-

sideration of the notes was the purchase of the land. There was security to the notes, and the vendor has no lien if he take security. 6 How. 529. A lien on land for the purchase-money, will not pass to the assignee of the note. 6 How. R. 362. .

If the complainant, Baldwin, kept concealed on the day of sale from his attorney, his pretended lien, and suppressed the truth, and acted fraudulently, he cannot now set up a claim against his own sale. 18 John. 403; 7 Wend. 20. The act of the agent is the act of the principal. 1 Peters, 185. If Baldwin did not disclose to his attorney, and his attorney to Hayman, his claim upon the land on the day of sale, he is brought within the rule laid down in 2 John. 588; Rob. on Frauds, 130; 1 Fonbl. Eq. 161; 1 Dess. Eq. 18; 14 John. 41.

Equities of redemption are not a subject of seizure and sale by execution, and there is no difference between deeds in trust, and mortgages. 4 S. & M. 153. If a vendor obtain a judgment for the purchase-money, and sell the land under it, the title passes by said sale to the purchaser unincumbered by the balance of the purchase-money. *Thompson* v. *McGill et al.*, Freem. Ch. R. 401.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a bill in the circuit court of Yazoo county, for a foreclosure and sale of land, alleged to have been mortgaged by the defendant, Jenkins.

The first question in the case is in regard to the character and effect of the valid agreement, indorsed upon the deed of conveyance from Duval to Jenkins. The facts of the transaction were as follows:

The land had been previously conveyed in trust, to said Duval, by Battaile & Brashear, to secure the payment of certain notes, made by the grantors. Duval, at the instance of W. S. Eskridge, an assignee of one of these notes, advertised and sold the land, agreeably to the terms of the trust-deed. The sale, according to its stipulations, was to be made for cash. Jenkins became the purchaser, having a previous understanding with Eskridge, the beneficiary under the trust-deed,

18*

that he should have time for the payment of the purchase-money, giving personal security, and a lien upon the land, to secure the payment. A deed to Jenkins, by the trustee conveying the land in fee, was executed on the 5th of December, 1840, the day of sale. A receipt for the purchase-price of the land, and a discharge therefor, of the trustee, by Eskridge, was indorsed thereon. At the same time, and in execution of the previous understanding, an agreement was indorsed on the said deed, which was signed, sealed and acknowledged by Eskridge and Jenkins, by which it was contracted, that Eskridge should take from Jenkins these promissory notes, payable in one, two, and three years, respectively, from date, each for the sum of $320, to be drawn by said Jenkins, and T. H. Kell; and that "this should act" as a lien upon the land before mentioned, until the notes should be satisfied in full. The deed, with the indorsements, was delivered to the registrar of deeds, for record on the day of its execution.

There can be no question, that, according to settled doctrine, the indorsed agreement became a part of the deed of conveyance from Duval to Jenkins; as much so as if it had been incorporated with it. *Harrison* v. *Trustees of Phil. Acad.,* 12 Mass. 456; 4 N. Hamp. R. 171; 3 Bibb's R. 10; 4 Kent, Com. 141–143. Hence, by the deed of Duval to Jenkins, it is expressly declared, that it shall operate as a lien upon the land, as a security for the payment of the money specified in the notes. The clear and certain intention of the parties in equity must determine the character of the instrument. In this case the facts exclude all doubt. It was the evident design of the parties that the land conveyed should stand as a security for the purchase-money, in addition to that afforded by the joint notes of Jenkins and Kell. The agreement indorsed on the deed, does not, in terms, affect to re-convey the land in mortgage to Eskridge. This, however, seems to have been the evident intention of the parties. No precise form of words is necessary to constitute a mortgage; and every contract for the security of money, by the conveyance of real estate, will in equity be holden as such. 7 Johns. Ch. R. 40. A deed, absolute upon the face of it, will be holden as a mortgage, if

Baldwin et al. *v.* Jenkins et al.

such appear to be the intention. 4 Kent, Com. 142. We are bound to regard this transaction as operating the same effect. The same view appears to have been taken of the subject by the chancellor, in the case of the *Planters Bank* v. *Pinkerton*, S. & M. Ch. R. 40, where, in the deed of conveyance, it was stipulated that the land should be bound for the payment of the purchase-money.

The notes made by Jenkins and Kell were assigned by the payee; the first to Baldwin, the two last to the other complainant, George Eskridge. Upon their non-payment, these parties respectively brought suit against the makers; obtained judgments, and levied on the land, which was sold by the sheriff. Defendant Hayman was the purchaser, (for the sum of $181, an amount much less than the sum due upon the notes,) and he subsequently conveyed to the defendant Lucas.

It is settled, that under the law of this state, the equity of redemption of the mortgagor is not the subject of seizure and sale under an execution at law. *Thornhill* v. *Gilmer*, 4 S. & M. 153; *Goodwin* v. *Anderson et al.*, 5 Ib. 730; *Prewett* v. *Dobbs*, 13 Ib. 431.

Regarding the land in contest, as subject to the mortgage lien of complainants, the sale under the executions was ineffective. Hayman acquired no title by the purchase. But it is insisted, that the complainants, by proceeding to sell the land under the executions emanating on their judgments at law, have waived their right of a foreclosure and sale of the equity of redemption.

This question is settled in the case of *Goodwin* v. *Anderson*, above referred to. In that case, May was the purchaser of a lot in the town of Aberdeen. He executed two writings obligatory for the purchase-money, and took a bond for titles from the vendors, in which they stipulated to make titles when the purchase-money should be paid.

The first writing obligatory, not being paid at maturity, suit was brought upon it, and the lot then in question was sold under execution at law, to satisfy the judgment. The levy of the execution on the lot was made at the instance of the vendors and that of the usee, to whom the writing obligatory had

been transferred. Goodwin became the purchaser, at a price less than the amount of the purchase-money. He demanded title in fee of the vendors, and, upon their refusal to make it, he filed his bill to compel them to do so. The vice-chancellor dismissed the bill; and this court, in a well considered opinion, affirmed his decree.

Although in a case like the present, where the defendant in the execution has no interest in the land, which can be˙ seized and sold under an execution at law, the mere fact that the party occupying the attitude of mortgagee and plaintiff in the execution, directed or procured the levy and sale of the land, will not debar him of right to proceed in a court of equity for a foreclosure and sale of the mortgaged premises. Yet it cannot be doubted, that a purchaser at the sale, who should be induced to bid for the land, by the fraudulent concealment, or by acts of false and fraudulent misrepresentation, on the part of the plaintiff in the execution, would take it discharged of the mortgage lien. A more stringent rule seems to have been adopted by the chancellor in the case of *Thompson* v. *Mc Gill*, Freem. Ch. R. 401. This case is irreconcilable with that of *Goodwin* v. *Anderson*. Moreover, the facts of that case do not appear fully to sustain the conclusions of the chancellor.

In the case at bar, it does not appear, by direct evidence, that the land in question was executed and sold at the instance of the complainants. It is true, however, that one of their attorneys was present at the sale, and bid for the land. But, admitting that the levy and sale were had by their direction, in that respect it would be precisely the case of *Goodwin* v. *Anderson.*

There is no pretence for charging the complainants or their agents with improper or fraudulent conduct. The deed to Jenkins, with the indorsed agreement thereon, had been duly recorded. This was notice to all, of the character of Jenkins' interest in the land. The evidence shows that Hayman had sufficient notice of the existence of complainant's lien, to have put him upon inquiry. It was certainly not the complainant's fault, if he trusted to the statement of the sheriff, that he

thought the title would be good, as the land was to be sold for the purchase-money. The land was sold, according to the evidence, for less than one half of its cash value, at the time. This is a circumstance, though of no very conclusive character, from which it may be inferred, that the bidders at the sale were not ignorant of the fact that Jenkins' title was not perfect. Under these circumstances, it would be unjust to hold, that the complainants are precluded from asserting their lien upon the land.

On the other hand, as the sale under the execution passed no title to the vendee, and as the proceeds of the sale were applied to the satisfaction of complainant's demands against Jenkins, it would seem to be but just and equitable, that the defendants should be substituted to the place of the judgment creditors, to the extent of the bid at which the land was struck off to Jenkins. To this view of the subject, this court seemed inclined in the cases of *Gilmer* v. *Thornhill*, and *Goodwin* v. *Anderson*.

We reverse the decree of the circuit court, and remand the cause to be proceeded with in conformity to the principles here laid down.