The opinion of the Court was drawn up by
Kent, J.
The first question in this case, is, what was referred under the submission ? It is contended by the plaintiff that the only matter submitted was the validity of his claim, and not the amount. We cannot concur in this view. It is apparent that the parties intended to refer for final determination and adjustment a claim, which plaintiff made against the defendant for money which he had received for *401 insurance, and not merely the abstract question, whether there was any indebtedness, leaving the amount to be otherwise determined. When " a claim ” is submitted to any judicial tribunal, it involve^ necessarily the determination of the legality and the amount, unless there is an express limitation of the power to adjudicate.
The defendant insists that the award cannot be made the basis of an action, because it does not conform to the submission, and is not final,between the parties.
It is well settled, that it is essential to the validity of an award that it should make a final disposition of the matters embraced in the submission. What is a final disposition? It is such a disposition that nothing further remains to fix the rights and obligations of the parties, and no further controversy or litigation is required or can arise on the matter. It is such an award that the party against whom it is made can perform or pay it, without any further ascertainment of rights or duties. It is not absolutely necessary that the award should state in figures the exact amount to be paid. It is sufficient if there is such reference in the award to documents or other matters, that nothing remains but mere arithmetical computation, to render the award final and conclusive. Waite v. Barry, 12 Wend., 377; Lincoln v. Whittenton Mills, 12 Met., 31.
The award is in writing, and is as follows : — " that there is due Capt. J. A. Colcord, (plaintiff,) the amount collected on policy of insurance as held by C. S. Fletcher, (defendant,) for his, J. A. Colcord’s, one-sixteenth of barque Spirit of the Sea.”
The defendant contends that the award does not, in its terms, decide that the plaintiff had, in fact, collected any sum for the defendant’s one-sixteenth — that it, at most, decides that there is due from defendant whatever amount he has in fact' received or collected for the one-sixteenth belonging to plaintiff, without affirming that he has collected anything to which plaintiff is entitled.
It is apparent that the principal question between the par *402 ties was, whether the insurance that the defendant obtained on five-eighths of the vessel, included the plaintiff’s one-sixteenth, or any part of it. The award does not very clearly determine this preliminary question. It holds the defendant responsible for the amount collected for the plaintiff’s portion, but does not in terms affirm that the defendant had collected any money for that one-sixteenth, which was the question in dispute.
But the fatal defect in the award, taken in its most favorable aspect for the plaintiff, is, that it does not make a final disposition of the matters referred, within the rules before stated. "An award is in the_nature of a judgment, and, to be valid, must be certain and decisive as to the matters submitted, so that it shall not be a cause of a new controversy.” 12 Met., before cited.
It is clear that no final judgment could be rendered on this award, without further examination and trial. No amount is stated, and none could be fixed without proof of matters not stated or referred to in the award. The question of amount presents a disputable fact, even if it is admitted that the award is sufficiently clear as to the general fact of indebtedness. In this case, plaintiff did not, and could.not safely rely upon the .submission and award, but called witnesses to prove the x-eceipt of money from several insurance offices. Whether a portion of ■ all these sxxms or only of a part was received for plaintiff’s use, was oxxe question to be determined, and it could be determined only by further litigation. A verdict coxxld not be found for plaintiff on the. submission and awai’d alone, as the awax’d makes no reference to any fact or document, from which a judgment could be made up. Schuyler v. Van Der Veer, 2 Caines, 235. The awax’d is invalid. According to agreement of the parties, the case must stand for trial upon the counts, other than the one upon the submission and award.
Appleton, C. J., Cutting, Davis and Walton, JJ., concuri’ed.