MAY E. RHODES, ADMINISTRATRIX, *v.* BARNETT HARDY.

1. AWARD. *What is part of an award.*
   Whatever is written on the same paper, whether on the margin or underneath the award, if done at the same time, constitutes part of the award, as much so as if included in the body.
2. SAME. *Finality of award.*
   An award, otherwise perfect, signed by the arbitrators, had written under it at the same time, and signed by the arbitrators, an addenda, which, after alluding to the question of the legality of the contract submitted, recited that if the arbitrators should become satisfied " that no recovery can be had under such a contract, this award is to be changed, and an award given that neither party is entitled to recover from the other," lacks finality, and is void.
3. SAME. *When to be perfected.*
   The arbitrators had the power to make this addenda, but could not afterwards make the award perfect by writing under it that they had not changed their opinion as to the legality of the contract, certainly not after the day fixed by the submission for payment of any money that might be awarded.
4. SAME.
   Not only must the award be complete in every point, but it must be put in this perfect shape once for all.
5. SAME. *Must be final and complete.*
   It is essential to the validity of an award that it shall be final and complete, responsive to all matters of difference included in the submission.

ERROR to the Circuit Court of Marshall County.

Hon. O. DAVIS, Judge.

William Rhodes, intestate of the plaintiff in error, and Hardy, the defendant in error, referred to J. W. C. Watson and W. S. Featherston, as arbitrators, certain matters of difference between them, with power to choose an umpire, should they disagree. The article of submission is without date. The following award was made : —

"The undersigned, J. W. C. Watson and W. S. Featherston, to whom was submitted all matters of controversy between William Rhodes and Barnett Hardy, growing out of matters connected with the purchase of cotton by the latter from the former, and money dealings connected with the same, with power to appoint an umpire, after becoming satisfied that they could not agree, did select H. W. Walter as umpire, with the consent of both parties, and did this day, in connection with said umpire, hear the parties and their witnesses, under oath, and, after full examination, did, with said umpire, award as follows, viz., That said Rhodes do pay to said Hardy the sum of four hundred and sixteen dollars and twenty-three cents in gold. Given under our hands and seals this 12th of September, 1866.

"JNO. W. C. WATSON.   [Seal.]

"W. S. FEATHERSTON.   [Seal.]

"H. W. WALTER.       [Seal.]"

At the time the award was made, and written under it, and signed by the arbitrators and umpire, was the following : —

"ADDENDA. — The foregoing award is made on the following facts: Cotton was sold by Hardy to Rhodes, in the early part of the year 1863, in Marshall City, Miss., knowing that Rhodes was buying the same to carry the same to and sell in Memphis, then in possession of the enemy. If we become satisfied that, in law, Hardy cannot recover under such a contract, this award is to be changed, and an award given that neither party is entitled to any recovery from the other. . . .

"JNO. W. C. WATSON.   [Seal.]

"W. S. FEATHERSTON.   [Seal.]

"H. W. WALTER.       [Seal.]"

Both parties were notified on the 12th of September, 1866, or soon after, of the award; but the same was not delivered to or required by either.

The award was mislaid, but, several years afterward, and after Rhodes's death, was found, when the following was written on it, without date : —

" We are satisfied, upon an examination of the decisions made since the war, that Mr. Hardy could recover on the original contract, and we affirm the original award, made on the twelfth day of September, 1866.

> " W. S. FEATHERSTON.
> " JNO. W. C. WATSON."

Hardy brought suit on this award, and obtained judgment in the court below. In February, 1876, this judgment was affirmed by the Supreme Court. Petition was filed for reargument, which was granted.

*Manning & Watson,* for the plaintiff in error.

The addenda to the award is part of it, and destroys it as to finality. *Taylor* v. *Sayre,* 4 Zab. (N. J.) 647 ; 29 Ga. 495 ; *Whitcher* v. *Whitcher,* 49 N. H. 176 ; 14 Johns. 368 ; *Kent* v. *Estob,* 2 East, 25 ; 1 Bac. Abr. 232, 364 ; Morse on Arb. 384, 385, 388 ; 1 Bac. Abr. 331.

The arbitrators had the power to adjourn any question of law or fact, with or without the consent of parties, so that they acted within the time allowed by the articles of submission for the performance of the award, but not beyond. Morse on Arb. 147, 261 ; Caldwell on Arb. 128, 129 ; 26 Me. 251 ; 1 Conn. 498 ; 3 Hill, 464 ; 10 Yerger, 441 ; *Hall* v. *Hall,* 3 Conn. 308 ; 1 Bac. Abr. 330 ; *The People* v. *Townsend,* 5 How. Pr. (N. Y.) 315.

The affirmation of the original award, after the time when the arbitration was to be performed, and after Rhodes's death, is a nullity. Morse on Arb. 229 ; *Jenkins* v. *Meagher,* 46 Miss. 84.

We must gather the intention of the makers of an instrument from the whole of it, and so construe it as to give effect to the intent thus ascertained. Morse on Arb. 448–450 ; *Vannerson* v. *Culbertson,* 10 S. & M. 150 ; *Tucker* v. *Stiles,* 39 Miss. 196 ; *Berry* v. *Perry,* 3 Bulst. 62 ; *Sherry* v. *Richardson,* Popham, 15, 16.

The arbitrators certainly intended that their award should not be final until they settled the adjourned question of law.

An award, final as to all matters submitted, will not be vitiated because it also decides questions not submitted, if the latter is wholly independent of that which is in pursuance of the submission. Morse on Arb. 392 ; Cald. on Arb. 276, and note.

But this award is not in excess, but fails to decide the legal question which was submitted, and is therefore void. *Tucker* v. *Gordon*, 7 How. (Miss.) 306 ; *Selby* v. *Russell*, 12 Mod. 139 ; *James* v. *Thurston*, 1 Clifford C. C. 367 ; *Edwards* v. *Stephens*, 1 Allen, 315 ; *Varney* v. *Brewster*, 14 N. H. 49 ; *Simmons* v. *Swain*, 1 Taunt. 554 ; *Hide* v. *Petit*, 1 Cas. in Ch. 185 ; *Wrightson* v. *Bywater*, 3 M. & W. 199 ; *Bradford* v. *Bryan*, Willis, 264, 270 ; *Berks* v. *Trippett*, 1 Saund. 32 ; *Bowes* v. *Fernie*, 4 M. & Cr. 150 ; *Grove* v. *Crane*, Palmer, 145 ; *Thinne* v. *Rigby*, Cro. Jac. 314.

There was no such delivery of this award as the law requires.

*Walter & Scruggs*, for the defendant in error.

The award is in itself perfect, and the arbitrators had no power, after it was signed and sealed, by the " addenda," or otherwise, to reserve the power to change it. Their power was exhausted on the award, and the " addenda " is a nullity. Caldwell on Arb. 179, 180 ; *Brickhouse* v. *Hunter*, 4 Hen. & Munf. 363 ; *Fitzgerald* v. *Fitzgerald*, Hardin, 227 ; *Boynes* v. *Morris*, 1 Wall. 97 ; Morse on Arb. 226–228 ; *Cox* v. *Jagger*, 2 Cow. 652 ; Russell on Arb. 135 ; Kidd on Awards, 118, 119. As well might a trustee for sale of land, after the sale, attempt in his deed to reserve the right to make another sale. Delegated power once exhausted is forever gone.

Suppose, however, for argument, that the " addenda " is held as part of the award, we then invoke the aid of the rule, that where there is a contradiction in the wording of an award, so that one part is irreconcilable with another, the first part shall stand and the last be rejected. *Cox* v. *Jagger*, *ubi supra*.

The parties were informed of the award about the time it was made, and neither party requested or called for it or a

copy. This was sufficient publication. Morse on Arb. 282, 287–289; Kidd on Awards, 118, 119; *Houghton* v. *Burrough,* 18 N. H. 499.

Counsel reviewed the cases cited from 14 Johns. 368, 49 N. H. 176, and 29 Ga. 495, and insisted that in these cases no power was attempted to be reserved to the arbitrators; but the indorsement on the margin or at the bottom of the award showed the award itself not to be perfect, but left the action of the parties in its performance uncertain, and did not speak as a finality on the point.

SIMRALL, C. J., delivered the opinion of the court.

We are inclined to the opinion that the submission intended that the award should be made between the fourteenth day of September and the 25th of the following December; because the latter day is appointed as the last on which the sum awarded, if any, shall be paid. If what was done by the arbitrators and the umpire on the 14th of September was final, it was within the time limited, and the plaintiff ought to have recovered. If it was not final, but adjourned one of the questions submitted, then the arbitrators have lost power over the subject, and a subsequent decision would be invalid.

Two questions were submitted: First, How much money, on the dealings between Rhodes and Hardy, was due from the former to the latter? and, secondly, Whether the contract out of which the alleged indebtedness grew was legal or not?

It is recited in the addenda to what purports to be the award that Hardy sold cotton to Rhodes in the early part of 1863, in Marshall County, knowing that Rhodes was buying to carry into Memphis, and there sell it, that city being then in possession of the Federal military forces. Watson and Featherston, the arbitrators, not being able to agree, called in Walter as an umpire. The three signed and sealed a paper to the effect that Rhodes should pay Hardy $416.23 in gold. But, written on the same paper, at the same time, is another writing, called "addenda," reciting that Hardy sold the cotton, knowing that Rhodes was buying for the

Memphis market, that city then being occupied by the Federal army.   It continues in these words : " If we become satisfied that in law Hardy cannot recover under such a contract, this award is to be changed, and an award given that neither party is entitled to any recovery from the other," &c. ; which was also subscribed and sealed by the arbitrators and the umpire.

Opposite views of this writing have been presented by counsel.   One is, that, being contemporaneous with the other, it is part of the award, as much so as if incorporated in it ; and, thus considered, it takes from the award the essential characteristic of finality.   The other is, that, after the award had been made, the arbitrators and umpire attempted to reserve the right to reconsider one subject, and announce a different conclusion, if they saw proper to change their minds.

Whatever is written on the same paper, whether on the margin or underneath the award, if done at the same time, constitutes a part of the award, as much so as if included in the body.   *Cameron* v. *Castleberry*, 29 Ga. 495 ; *Platt* v. *Smith*, 14 Johns. 368.   *Baldwin* v. *Jenkins*, 23 Miss. 206, 210, in principle is to the same effect.   The "addenda," then, must be read as part and parcel of the award.   Construing both together, was there, on the 12th September, 1866, a final decision of all the matters submitted ?   It is essential to the validity of an award that it shall be final and complete, responsive to all the matters of difference included in the submission.   On the question of finality, it was aptly said, in *Colcord* v. *Fletcher*, 50 Me. 398, the award is final when " nothing further remains to fix the rights and obligations of the parties, and no further controversy or litigation is required or can arise on the matter."   " The party against whom it was made can perform or pay it, without any further ascertainment of rights or duties."   Not only must the award be complete in every point, but it must be put in this perfect shape once for all.   Morse on Arbitration and Award, 388. The books abound in cases illustrating the principle.   Thus the award was that A. should clean out a stream ; if B. was not satisfied that it had been properly done, there should be a further hearing on that point before the arbitrators.   This

reservation of further authority vitiated the award. Morse on Arbitration and Award, 388, 389. In *Carter* v. *Calvert*, 4 Md. Ch. Decisions, affirmed in 6 Md. 141, the award failed, because the amount to be paid one of the parties " was to depend upon the result of an account to be taken thereafter." This was the reservation of the future power of the arbitrators, which affected the entire award. *McCrary* v. *Harrison*, 36 Ala. 577, 580, is very analogous to this case. There the conclusion reached, after examination of the papers, was expressly made subject to future alterations, on suggestion of errors by the parties. The matter remained *sub judice*. Such reservation of authority by the arbitrators is inconsistent with the idea of an award. Watson on Awards, 216, 230.

Taking the entire award as set forth in the two writings together, and this would be a fair statement of it, viz., we (the arbitrators) are satisfied that Rhodes is indebted to Hardy $416.23, to be paid in gold coin ; and as we are advised this day, the 12th of September, of the law applicable to the transaction, we are also of opinion that the contract is legal ; but since that is a doubtful question, we reserve authority to look further into it, and to revoke this decision, and make a different one, if we shall discover hereafter our error.

If that reservation could be made the next day, or week, or month, they might have revoked the award in favor of Hardy, and have decided that Rhodes should pay nothing. Manifestly the award was not final. Such was the view of the arbitrators for seven years afterwards. In 1873, they sign and seal another statement affirming their former decision, and declaring it final.

Without considering the other questions which have been raised and argued by counsel, we are satisfied the award is invalid in this particular, and for the reasons assigned.

*Judgment reversed and a new trial awarded.*