## HUBARD PHILBRICK *vs.* JEDEDIAH PREBLE.

An award not involving the title to real estate may be good without being reduced to writing.

An award in writing may bind the parties at common law, although it decides upon a difference respecting real estate; but the title to real estate cannot be affected by any agreement or award not in writing.

When the part of an award which would be otherwise good, is so connected with that which is void, as to show that justice might not be done by suffering it to have effect, the whole is void.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Trespass for an assault and battery. The facts in the case, so far as they have reference to the questions of law, will be found in the opinion of this Court.

The District Judge ruled, that if the submission was fairly entered into, and the parties had a full and fair hearing, and the referees acted fairly, and the parties, after knowing the award, deliberately and understandingly agreed to abide by it, which questions he would submit to the jury, the defendant was entitled to a verdict.

Whereupon the plaintiff by consent became nonsuit, with leave to file exceptions, which were filed.

*Rundlett*, for the plaintiff, contended : —

The award of the referees cannot operate as a bar to the plaintiff's action, because the submission was under the hands and seals of the parties, and the award was by parol only.

The referees were to establish the line between the land of the parties. This operates upon the title to real estate. A verbal award in relation to real estate, is void. If the referees could not establish a division line between the parties, then the remaining portion of the award, "that the defendant should perform three days labor for the plaintiff," is also void. The decision in relation to the labor being dependent upon that upon the line, both are void, if one is. 1 *Greenl.* 300 ; 6 *Greenl.* 247 ; 2 *Saund.* 293, *note* 1.

But as there has been no performance, if the parol award is valid, it is no bar to the action, and could only be given in evidence to fix the amount of damages. *Eaton* v. *Arnold,* 9 *Mass. R.* 519.

*F. Allen,* for the defendant, contended, that the award, though but by parol, was good at common law, and was a bar to the action. *Kyd on Awards,* 262 ; *Homes* v. *Avery,* 12 *Mass. R.* 134 ; *Newb. Mar. Ins. Co.* v. *Oliver,* 8 *Mass. R.* 402 ; *Norton* v. *Savage,* 1 *Fairf.* 455.

Nor is it necessary that the award should be that the party should pay money. It may well be to perform some other act. 1 *Shepl.* 41 ; 7 *Mass. R.* 399; 10 *Mass. R.* 253.

This action is for an injury to the person merely. The award was that the defendant should perform certain labor in satisfaction of the injury. Neither has any connexion with real estate, and the award is a bar to the action.

The agreement to abide by the award, is a sufficient acceptance of it.

The opinion of the Court was by

SHEPLEY J. — It appears from the bill of exceptions that the dividing line between the lands of the parties had been in dispute ; that the plaintiff attempted to remove a part of the fence on to

land occupied and claimed by the defendant; and that this occasioned a personal conflict. The parties agreed by a writing under their hands and seals to refer " all disputes and quarrels or differences that now exist respecting the establishing the line or partition fence" and all other disputes to referees.

The referees thus selected heard the parties, decided upon the line, and made their award verbally to the parties, with which they declared themselves satisfied. If the award had been in writing, it might have bound the parties although it decided upon a difference respecting real estate. And an award not involving the title to real estate may be good without being reduced to writing; but the title to real estate cannot be affected by any agreement or award not in writing.

If the award was void as to so much of it as related to the real estate, the Court cannot decide, that it was good so far as it related to the personal injury; because one or the other of the parties might be more or less in the wrong according to the decision, which should be made respecting his title to the real estate.

When the part of an award, which would be otherwise good, is so connected with that which is void, as to show that justice might not be done by permitting it to have effect, the whole will be void.                                   *Exceptions sustained.*