Cameron et al. vs. Castleberry et al.

made from the codicil by the decree, as to the part assigned to Thomas T., is valid or not.

Judgment reversed.

---

EMILY S. CAMERON, et al., plaintiffs in error, vs. SENA S. CASTLEBERRY, et al., defendants in error.

Same vs. JOHN WEBB et al.

A case was referred to three arbitrators, in which, one of the defences was, the statute of limitations. The arbitrators on one piece of paper made an award in favor of the plaintiff in the case, and on another, a statement, that one of their number, dissented from the award, on the statute of limitations.

[1.] *Held*, That, the last paper was to be received, as evidence on the question, whether the arbitrators had decided the defence of the statute of limitations.

[2.] *Held*, secondly, That the paper being received as evidence, it showed, that that question had not been decided by the arbitrators, and, therefore, that the award ought to be rejected.

[3.] In an arbitration, if evidence prejudicial to one of the parties, gets before the arbitrators, without the knowledge of that party, and is considered by the arbitrators, and the award is against that party, the award ought to be set aside.

[4.] If one award is dependent on another, and the latter falls, it carries with it the former.

In Equity, in Troup Superior Court. Tried before Judge Bull, at May Term, 1859.

These two cases were argued together.

The first was a bill in equity, filed by Sena S. Castleberry, surviving executrix of the last will and testament of Edward Castleberry, deceased, and others, against Emily S. Cameron,

administratrix, and Thomas G. Simms, administrator of James H. Cameron, deceased, for an account of the assets of the estate of said Edward, which went into the hands of the said James H. Cameron, deceased, as one of the executors of the last will and testament of said Edward Castleberry, deceased.

The cause being called, defendants moved to reject and set aside an award made in said case, by Benjamin H. Bigham, Samuel Reed and Benjamin H. Cameron, on the grounds:

1st. Because said arbitrators have not decided and made their award on all the points involved in said case.

2d. Because said arbitrators have not agreed on said award.

3d. Because said arbitrators had evidence before them on the part of complainants of which the defendants had no notice.

4th. Because the arbitrators exercised powers not delegated to them by the submission, in this, that they decided and awarded that the fees of the solicitors for complainants, should be paid out of the sum awarded to be paid to said Sena S. Castleberry, by the defendants, when no such question was submitted to said arbitrators by the order of Court, or the agreement of the parties.

5th. Because said arbitrators have in their award, committed an error, both in law and fact, as appears upon the face of said award.

It appeared, at the hearing of the foregoing motion, that the award was signed by all the arbitrators, and dated 19th March, 1859. During the argument a paper in writing, signed by all the arbitrators, dated 19th March, 1859, was read, which was as follows:

"In the case of Sena S. Castleberry, executrix, vs. Emily S. Cameron, administratrix, and Thomas G. Simms, administrator, we are of the opinion that the statute of limitations and the doctrine of stale demands, do not apply to bar a recovery in the case. We are convinced that there never

was any settlement, considered final by either of the parties, between James H. Cameron, deceased, and John T. Thornton, and N. G. Slaughter, or either of them. The receipts themselves show that another division was contemplated, in which the amounts then received were to be brought in. They do not express to be in full and the bonds given are not such as it is reasonable for parties to give, upon a final settlement, of what they think is all that is coming to them from an estate. They each contemplated, that it might be necessary for the executor to use the money in the further administration of the estate. They evidently look to an impending, existing debt, requiring further administration to settle it. We might rest this view of the case here, but there is an additional view calculated to remove the doubts that might otherwise hang upon the question: Articles of agreement between the parties were submitted to us, showing conclusively, that all the proceedings in regard to the estate, were to be held subsidiary to a final settlement, and in pursuance of this, the settlement in question was made. Therefore as this settlement was not final, and no evidence of a denial of the trust by James H. Cameron, having been adduced, we are constrained to hold that the trust still continues upon his administrators, and attaches to so much of the estate of Edward Castleberry, as can be found in the possession of his representatives. From this opinion, as regards the statute of limitations, it is due to Mr. Benjamin H. Cameron, to say, he dissents. Our object in this case being to mete out a material and substantial compliance with law and the justice and equity of the case, and the great preliminary question to the investigation being thus settled, we will not embarrass our opinion with views which we consider to be unnecessary. As to the question, whether the necessary and proper parties are before us, we know that in our decree we can so frame the finding as to reach every party beneficially interested and none of the names having been stricken by demurrer, we

will take care to shape our award so as to reach the justice of the case.

Upon the subject of allowing commissions, we are of the opinion that the estate of James H. Cameron is entitled to them. We concede that he did not make regular returns, and recognize the law in all its severity upon delinquent trustees, but it was the act of the *cestui que trust*, that prevented him from so doing. It was an agreement by adult parties, and substituted for the requirements of law, and the equity ; being as large on one side as the other, and the " laborer being worthy of his hire," we award him commissions. These are the legal questions in the case upon which we see fit to submit a written opinion, and we therefore close with the remark, that if there be any point upon which either of the parties desires our opinion reduced to writing, upon giving us ten days notice before the first day of the next Term of Troup Superior Court, we will comply with their request."

It appeared that a copy of the above opinion was served on defendant's counsel, with a copy of the award.  It also appears that the agreement referred to in said opinion bore date 6th January, 1841, and was produced, by the direction of the arbitrators, by Benjamin H. Cameron, one of the arbitrators, and was found among the papers belonging to the estate, and that defendants were not present or their attorneys, and knew nothing of this evidence being before the arbitrators, until after the award was made.

The Court refused the motion to set aside the award, but ordered the same to be entered on the minutes, and made the judgment of the Court, and counsel for defendants excepted.

The second case, was a motion made to set aside an award made in an equity cause, pending between John Webb, and others, complainants, and Sena S. Castleberry, executrix of Edward Castleberry, deceased, and Emily S. Cameron and

Thomas G. Simms, administrators of James H. Cameron, deceased. The award was made by the same arbitrators that made the award in the first case above stated.

The grounds relied on to set aside the award in this case were, that the arbitrators had not decided all the questions submitted to them; that they had not agreed on the same, and that it was contrary to law and the facts of the case.

In this case, the arbitrators say, " our opinion is, that John Webb and Charles Webb, are each entitled to the sum of fifty dollars, as children of Levitha Webb, and that Mary Webb, in the same right, is entitled to forty-three dollars; it appearing that she has heretofore received a credit of seven dollars about 1st April, 1850. Because of superadded words, and the general intent of the will of Edward Castleberry, we conclude, that in the case of these claimants, the testator used the word " heirs of the body," as meaning children. " The executors having had ample time," &c., they allow interest on these legacies.

The Court refused to set aside, but ordered the award to be entered on the minutes and made the judgment of the Court. Whereupon, defendants excepted.

ERSKINE and SIMMS, for plaintiff in error.

HILL and HARRIS, *contra*.

*By the Court.*—BENNING J. delivering the opinion.

Did the Court err, in overruling the motions to set aside the award in these two cases? We think so.

The motion in the first of these two cases, will be the first considered.

One of the defences in the first case, was, the statute of limitations. If that defence was well founded, it was of course a bar to the whole suit. The question, whether it

Cameron et al. vs. Castleberry et al.

was or was not well founded, was therefore, a question which had to be decided, before there could be any legal award.

One of the grounds of the motion, was, that the arbitrators failed to decide this question. Therefore, if that ground was true, the motion ought to have prevailed.

Was that ground true ?

The arbitrators, when they served the counsel for the plaintiffs in error, with a copy of the award, also served them, with a copy of another paper. This paper the arbitrators also returned to the Court along with the award. It was signed by all of them. In it the arbitrators use this language; "we are of the opinion, that the statute of limitations, and doctrine of stale demands, does not apply." They then give reasons for this opinion. They, then, say: "From this opinion, as regards the statute of limitations, it is due to Mr. Benjamin H. Cameron, to say, he dissents." Was this paper evidence? for if it was, there was no award on the question of the statute of limitations—the case being one, in which, the concurrence of all three of the arbitrators, was necessary, to an award.

We think, that the paper was evidence. It accompanied the award; it was signed, like the award, by all the arbitrators; it was in award language, as though the arbitrators intended it to be a part of the award; "we are of the opinion, &c.; "from this opinion," &c. "Cameron dissents."

Suppose the case had been before the jury, and the jury had returned into Court, with the two papers, on one of which was written; we find for the plaintiff, (so much;) and, on the other, we cannot agree on the question of the statute of limitations, two-thirds of us, think, that the case is not within that statute, the other third, think that it is within that statute, would not the Court have to recognize both papers, and to treat the latter, equally with the former, as evidence of the action of the jury? Most certainly. Indeed, either party to a case, has the right to poll the jury, and if, on doing so, a single juror answers, that he did not agree to

Cameron et al. vs. Castleberry et al.

what was returned, as the verdict, his answer is evidence, and what was received as the verdict is rejected, and the jury sent back to make a verdict.

[1.] We think, then, that the paper was evidence. (See case of the *South Carolina Railroad vs. Moore & Philpot*, decided at Savannah, June Term, 1859.)

[2.] The paper being to be considered, as evidence, it showed, that one of the arbitrators dissented, on the question of the statute of limitations,—a question, the decision of which was necessary, as the defence of the statute of limitations, is one that goes to the whole case. And if on such a question, an arbitrator dissented, the dissent vitiated the whole award; and, therefore, the Court ought to have rejected the award.

Our conclusion, then, is, that this ground of the motion, namely, the ground that the arbitrators had failed to decide the question of the statute of limitations, was a good ground, and, therefore, that the Court erred in overruling the motion. This would suffice for the case; but, we think it best to express an opinion on another of the grounds—the ground, that the arbitrators had evidence before them, of which the losing side had no notice.

[3.] It appears from this same paper which accompanied the award, that the arbitrators took into consideration, on the question of the statute of limitations, a certain writing, of which, they thus speak, in that paper. "Articles of agreement between the parties were submitted to us, showing conclusively, that all the proceedings in regard to the estate, were to be held subsidiary to a final settlement." This was a writing, then, which, in the estimation of two of the arbitrators, was of so much value, that it was "conclusive" on the question of the statute of limitations. Ought such a writing as that, to have gone before them, without notice to the parties against whom, it was to operate? We think not. And yet, it appears, that it did go before them, that it was placed before them by one of themselves. What

Cameron et al. vs. Castleberry et al.

ought to be the consequence? That the award should be rejected. So we think. Such a matter would be sufficient to require the rejection of a verdict.

It is unnecessary to consider the other grounds of the motion.

So much for the motion in the first of the two cases.

I proceed to the motion in the second of the two cases.

Did the Court err, in overruling the motion to set aside the award in that case. We think so.

The award in that case, had to fall with the fall of the award in the other.

It appears, that the two cases were submitted to the same arbitrators, at the same time, under the same order of Court; and, that the two were considered together, by the arbitrators, and decided by them at the same time, the 19th of October, 1859. It appears, that, in the second case, they awarded, that the plaintiffs in error should pay the defendants in error, certain sums of money, and that these sums were to be paid out of a sum of *$3,773 16 cents*, which, by the award in the other case, the arbitrators said, they found and awarded, to be in the hands of the plaintiff in error, " belonging to the estate of Edward Castleberry, deceased, and subject to be disposed of according to the will of said deceased." The award in that other case, having been set aside by us, there is nothing to show, that the plaintiffs in error have in hand anything out of which to pay the sums awarded in this case.

In short, there is nothing to show, that the award in the last case, would have been what it was, if the award in the first, had not been what it was. The award in the first falling, the award in the second, ought, therefore, to fall with it.

[4.] We think then, that the award in this second case also, ought to be rejected.

Judgment reversed in both cases.