## AARON N. PHELPS

*v.*

## PETER DOLAN *et al.*

1. APPEAL — *does not lie from judgment of circuit court reversing that of county court.* The judgment of the circuit court reversing a judgment rendered in the county court, and remanding the cause, is not a final judgment, and no appeal lies from it.

2. ARBITRATORS — *liability to contestant.* Where two parties submitted their matters to arbitrators, the plaintiff putting up $40 in the hands of

the arbitrator selected by him, as security for any award against him, and the other arbitrator agreed to be responsible to the extent of $40, for any award against the other party ; and upon an award in favor of the plaintiff of $15, the arbitrator agreeing to be responsible, paid him that sum : *Held*, that the arbitrators, or either of them, were not liable to the plaintiff on the ground that an account for wheat was improperly included in the award.

3. ARBITRATION —*parol submission and award, good.* A parol submission to arbitrators and award are valid and binding upon the parties, as a common law arbitration.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellant.

Messrs. DOUGLAS & HARVEY, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal from a judgment of the circuit court of Knox county, reversing a judgment of the county court of that county.

The facts upon which the judgment in the county court was rendered are these : Phelps, the appellant, and one Nash, submitted certain matters in dispute between them to two persons, one, Holyoke, selected by Phelps, and the appellee Dolan, selected by Nash. Before the matters in dispute were acted upon by the arbitrators, Phelps deposited $40 with Holyoke, as security for the payment of any award which might be rendered against him; and Nash not having the money at the time, Dolan agreed to pay $40 for him on any award which he might be required to pay. The arbitrators awarded that Nash should pay Phelps $15. Holyoke then returned him the $40 which he had deposited, and Dolan also paid him, through Holyoke, $15, the amount of the award. Phelps, being dissatisfied with the award, claiming that the arbitrators had improperly included an account in favor of Nash, for wheat, of $9, brought this suit against the arbitrators, of whom Dolan alone was served with process, and, in the county court, recov-

ered judgment against him for that amount. The judgment of the circuit court reversed that of the county court, and remanded the cause back to the county court.

Even if an appeal could properly lie to this court from such a judgment, we are unable to perceive any ground upon which the present judgment should be reversed.

The judgment of the county court was clearly erroneous, and the circuit court properly reversed it.

The parol submission and the award were valid and binding upon the parties as a common law arbitration. *Smith* v. *Douglas*, 16 Ill. 34. The fact that the arbitrators held funds in their hands to pay, to whomsoever they should find entitled, the amount of their award, did not change the character of the arbitration and make it something else. As to this fund, they may be regarded as trustees, but the trust was fully discharged when they paid out the fund they held, pursuant to the terms of the agreement by which they held it; that is, in satisfaction of the amount they awarded was due from the one party to the other.

We think the evidence fairly preponderates that the claim of Nash, for wheat, was finally consented by Phelps to be included within the submission, although he was, at first, disinclined thereto. In addition to the positive testimony of several witnesses to that effect, the letter of Phelps to Holyoke, written subsequently to the award, leaves no doubt upon the point. He there, in distinct and unequivocal language, admits that the wheat was included in the accounts submitted.

Aside from this, however, the agreement of Dolan was not to pay Phelps whatever Nash was owing him, but merely that " he would be responsible for $40, for Nash to pay any award that might be made in favor of Phelps against Nash." This is the language of Phelps himself, in his evidence. The award was for $15, and this Dolan has paid. His agreement goes no further.

But the judgment of the circuit court was not a final judgment, and no appeal, therefore, could be prosecuted from it to this court.

The appeal is dismissed, and judgment for costs in this court will be entered against appellant.

*Appeal dismissed.*

Mr. JUSTICE CRAIG, having been of counsel in the case in the court below, took no part in its decision.