MICHAEL SCHOOLNICK *vs.* HENRY A. FINMAN.

First Judicial District, Hartford, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued October 3d—decided December 18th, 1928.

*Louis Y. Gaberman,* with whom, on the brief, was *Simon Kramer,* for the appellant (defendant).

*Walter F. Foley,* for the appellee (plaintiff).

WHEELER, C. J. The submission to the arbitrators by these partners was a general common-law submission of all of their disputes and disagreements. The submission did not provide, as it might have, the method of the award, whether it should be in writing or oral. The arbitrators might have made the award in writing or orally. *Jones* v. *Dewey,* 17 N. H. 596, 598; *Gay* v. *Waltman,* 89 Pa. St. 453, 456; *Philbrick* v. *Preble,* 18 Me. 255; *Phelps* v. *Dolan,* 75 Ill. 90.

A submission to arbitration is an agreement by the parties that the decision of the arbitrators shall be final as to all matters properly within the submission and that they will do whatever the arbitrators direct shall be done by each. *Penniman* v. *Rodman,* 54 Mass. (13 Metc.) 382, 384. Both partners concede that the submission contemplated the withdrawal of one of the partners and the continuance of the business by the other.

The terms of the submission indicate the purpose of the parties to have been the adjustment of all of their partnership affairs upon a basis deemed just by the arbitrators. *Ford* v. *Burleigh,* 60 N. H. 278, 282.

The award under a submission, unrestricted as to method, may be in one writing or several and all papers made by the arbitrators which are relevant and material to the award and delivered with the award may be considered as a part of it. *Bell* v. *Price,* 22 N. J. L. 578; *Mathews* v. *Miller,* 25 W. Va. 817, 828; *Cameron* v. *Castleberry,* 29 Ga. 495.

Whatever is written upon any part of the award, or written upon the back of the award and relevant and

material to the matters submitted, will be regarded as a part of the award; since they were simultaneous acts of the arbitrators they all constitute one instrument. *Ott* v. *Schroeppel,* 5 N. Y. 482, 484; *Rhodes* v. *Hardy,* 53 Miss. 587; 5 Corpus Juris, 115.

The arbitrators having power to make the award in writing, or orally, and if in writing in separate papers, were at liberty to make the award partly in writing and partly orally.

The trial court held that the arbitrators had made their report in writing to the parties and that having so made it, without oral amendment, communicated to the parties at the time, the writing comprised the entire award. If that were true, any evidence of a parol addendum to the written award would be inadmissible and the second defense setting up as a part of the award a provision that the defendant should not engage in business directly or indirectly in competition with the continuing partner—if parol—would have been demurrable, and although established upon the record is unavailable to this defendant. The result under the judgment is that the award of $400 to be paid by the defendant, which was made in consideration of the plaintiff not engaging in business in competition with the defendant, must be paid by him without securing the consideration to him upon which the award was made. Rarely does the enforcement of a rule of the common law invite such an unjust consequence.

The defendant was entitled under his first defense of a general denial that the arbitrators had awarded the plaintiff $400 to have shown that this award was made in consideration of that which we have already stated.

Unless the oral and written parts of the award are treated as a single award the intention of the arbi-

trators will not have been carried out. The award cannot be enforced as to one of its obligations while ignoring others of its obligations. No award which operates prejudicially to one of the parties to the submission and in a manner the arbitrators did not intend it to operate will be enforced in favor of the other party. *Carter* v. *Carter*, 109 Mass. 306, 311; 5 Corpus Juris, p. 181, §466. An obligation arising under an award can only be enforced if the award is an entire award. It cannot be enforced in parts. The award must stand or fall as an entirety.

The plaintiff's contention that if the defendant desired to have the award corrected he should have sought his relief within a reasonable time is based upon the premise that the entire award was in writing, which is not the situation before us.

"Defendant, by the provisions of the Practice Act, undoubtedly had the right to plead an equitable defense in the present action, . . . and was not compelled to resort to a separate action to enforce an equitable claim which he sought to establish." *LeWitt* v. *Park Ecclesiastical Society,* 103 Conn. 285, 299, 130 Atl. 387.

There is error, the judgment is reversed and the City Court of Hartford directed to render judgment for the defendant for costs.

In this opinion the other judges concurred.