## ROYAL McBEE CORPORATION v. ROYAL INDUSTRIAL UNION LOCAL 937, U.A.W., C.I.O.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 101296

Memorandum filed March 10, 1955.

*Walfrid G. Lundborg* and *Shipman & Goodwin,* both of Hartford, for the plaintiff.

*Zeman, Monchun, Globman & Cooper,* of Hartford, for the defendant.

HOUSE, J. The present applications arise out of the following circumstances: S was an employee of the plaintiff corporation and for a considerable period of time was justifiably absent from work because of a leg condition. When his health permitted his return to work on June 28, 1954, the employer required as a condition to his return that he sign a waiver relative to his legs, under the Workmen's Compensation Act. Upon the advice of the defendant union, to which he belonged, S refused to sign such a waiver, and as a result of such refusal the plaintiff refused to allow him to resume work on June 28, 1954. Under the collective bargaining agreement between the plaintiff and defendant, S filed a grievance claim protesting the plaintiff's refusal to allow him to resume work as being an improper "lay-off and/or discharge" and, the grievance not being mutually satisfactorily adjusted, the defendant made a demand for arbitration under the provisions of article VI, § 8, of the agreement between the parties. This section provides for arbitration of grievances and disputes between the company and any employee which do not involve wages and bonuses. Arbitration may be by an arbitrator mutually acceptable to the parties or an arbitrator furnished by the American Arbitration Association, "the decision of the arbitrator to be final and binding upon both parties." The agreement concerning arbitration also provides that "(c) there shall be no power to add to, subtract from or modify this agreement or to establish or change any rates of pay or wages."

An arbitrator, Israel Ben Scheiber, was appointed by the association and pursuant to its rules the subject of the dispute was submitted in the defendant's "Demand for Arbitration" as follows: "CLAIM: On Monday, June 28, 1954, Alton Seymour, Dept. 40, presented himself at the Company personnel office ready to return to work as of that date after absence for proper cause. Although Mr. Seymour presented medical evidence of his physical fitness to return to his regular job, the Company refused to allow him to commence work unless he signed a waiver concerning his legs under the Connecticut Workmen's Compensation Law. On the advice of the Union, Mr. Seymour refused to sign said waiver which was not required either under said Connecticut Workmen's Compensation Law or the current collective bargaining agreement. Thereupon and thereafter the Company has refused to allow said Seymour to return work. This improper action of the Company constitutes an improper discharge and/or layoff in violation of Article VIII, Sections 2, 5, and 7 of the current collective bargaining agreement. RELIEF SOUGHT: Reinstatement of said Alton Seymour to his regular job with full seniority rights and back pay in accordance with the provisions of Article VIII, Sections 2, 5, and 7 of the current collective bargaining agreement."

After hearing, the arbitrator filed a memorandum and award. In the memorandum the arbitrator summarized the facts, the claims of the respective parties, a discussion of their claims and a conclusion that "The arbitrator is powerless to sustain the Company's contention and must grant the relief sought by the Union." It may be noted that in the "Discussion" the arbitrator found "that on June 28, 1954, Mr. Seymour was physically able to return to his usual work and had fully complied with all the rules of the Company for employees returning

to work, but was wrongfully refused work because of his refusal to sign the waiver aforementioned. It must therefore be held that the Company's improper refusal to permit this employee to return to his regular employment constituted an improper layoff, which if prolonged long enough would have the effect of a discharge."

In the "Award" the arbitrator concluded that the company did not have the right under the current contract to require the employee to sign a waiver as a condition of returning to work after absence for proper cause due to bona fide illness and that therefore the company's refusal to allow him to return to work without signing such a waiver constitutes a "lay-off and/or discharge" without just or good cause and he is entitled to retroactive back pay for the time he would have normally worked since June 28, 1954, until he is allowed to resume work without being required to sign such waiver, subject to deductions provided in article VIII, § 7, of the contract.

The plaintiff claims that the award should be vacated under the provisions of § 8161 (d) of the General Statutes because the arbitrator exceeded the authority vested in him and by his interpretation of the contract so imperfectly performed his functions that under that provision of the statutes his award should be vacated. It may be noted that the chief contention of the plaintiff is that article I, § 4, of the contract between the union and the company retained to the company its managerial functions and therefore did not by any provision of the agreement preclude its right to require an employee, as a condition of employment or continued employment, to waive any claim for compensable injury which would arise from the employee's existing physical status, so that the arbitrator exceeded the authority vested in him and improperly performed his func-

tions by concluding that the provisions of the Workmen's Compensation Act "must be read into the contract" between the parties. Plaintiff also objects to the conclusions reached by the arbitrator based upon this inclusion of the provisions of the Workmen's Compensation Act.

It appears that the plaintiff did not exercise the right to file a written answer to the defendant's demand for arbitration, as permitted under rule 7 of § III of the labor arbitration rules of the American Arbitration Association, or challenge the arbitrability of the dispute. On the contrary, it appears that the plaintiff argued before the arbitrator the interpretation and effect of the Workmen's Compensation Act.

It is not necessary, however, to review the record of these proceedings or consider the "ratio decidendi" of the arbitrator. "Ordinarily, the memorandum of an arbitrator is irrelevant. . . . It is the award, rather than the findings and conclusions of fact, that controls. *United States Time Corporation* v. *Waterbury Watch Workers Union,* 15 Conn. Sup. 391, 395." *American Brass Co.* v. *Torrington Brass Workers' Union,* 141 Conn. 514, 522. An arbitrator's award is valid if it is within the scope of the terms of the submission. *Schoolnick* v. *Finman,* 108 Conn. 478, 481; *Pratt, Read & Co.* v. *United Furniture Workers,* 136 Conn. 205, 208; *Scovill Local 1604* v. *Scovill Mfg. Co.,* 17 Conn. Sup. 420; *Niles-Bement-Pond Co.* v. *Amalgamated Local 405,* 140 Conn. 32, 38.

The "submission" in this case meets the requirements prescribed in *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 68. It states the specific question to be decided with definiteness and is of such a nature that the award answers the question with exactitude. The award is clearly within the scope of the terms of the submission and

directly and definitely answers the specific question submitted to arbitration.

There therefore appears no valid grounds in this case for going behind the submission and the award or, since the award is within the scope of the submission and answers the specific question put to the arbitrator, setting aside the award even if this court did not agree with the rationale of the arbitrator's decision. It is final and conclusive upon the parties. See Article VI, § 6, of the contract between the parties. "[P]arties who set up their own private tribunal must be bound by the limits they have themselves fixed." *Pratt, Read & Co.* v. *United Furniture Workers,* 136 Conn. 205, 209; see also *In re Curtis-Castle Arbitration,* 64 Conn. 501; *Schoolnick* v. *Finman,* 108 Conn. 478, 481; *Liggett* v. *Torrington Building Co.,* 114 Conn. 425, 431.

Accordingly, the plaintiff's motion to vacate the award of the arbitrator is denied and, as provided in § 8160 of the General Statutes, upon the defendant's counterclaim an order may enter confirming the award.