The W. F. Company and Textron, Inc. *v.*
Frank E. Hess

| Superior Court | New Haven County at Waterbury | File No. 25422 |

Memorandum filed October 14, 1959

*Carmody & Torrance*, of Waterbury, for the plaintiffs.

*Traurig & Traurig*, of Waterbury, specially for the defendant.

SHANNON, J. This is an application by The W. F. Company, formerly The Waterbury Farrel Foundry and Machine Company, of Waterbury, and Textron, Inc., of Providence, Rhode Island, seeking a judgment in the nature of a confirmation of an arbitrators' award based upon the report of a committee of three persons appointed, pursuant to § 33-19 of the 1958 Revision, to determine the value of 200 shares of stock of The W. F. Company owned by Frank E. Hess, a minority stockholder who refused to accept the company's tender of $50 a share in accordance with its agreement with Textron Company.

The committee was unable to agree on the value and filed its report stating this and submitting three separate reports in which three different values were set forth. In one report each share was valued at $49.94; in another the value was set at $34.91; and in the third at $82 per share.

The applicant argues that the real issue is whether its offer of $50 per share was a fair offer for Hess's shares, and that since two of the committee reported that the value of his stock was less than that, the court should enter a judgment declaring that this was a fair offer and that it should be so declared and that the company is not further indebted to Hess. It cites as authority *Schoolnick* v. *Finman*, 108 Conn. 478, but that case, while it decides that an award, unless otherwise restricted, need not take

any prescribed form, so long as its decision is clear, is dealing with arbitration, while this case is governed by § 33-19, which specifically declares that if the shareholder is not paid the determined value he has a claim for debt in that amount against the company.

The committee did not determine the value of Hess's share. It made no award because there was no dispute submitted to it as contemplated by § 52-408. There is nothing for the court to confirm. The court has no jurisdiction to do as requested.

The application is dismissed.