[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 20, 1997
FACTUAL BACKGROUND CT Page 3190
In this case, the plaintiff State of Connecticut ("State") seeks an order under Connecticut General Statutes Section 52-418 vacating a certain arbitration award.
The facts concerning this matter are set forth in the State of Connecticut's January 16, 1997 Application to Vacate; the State's April 7, 1997 Memorandum of Law in Support of Application to Vacate; the defendant's May 5, 1997 Memorandum of Law in Opposition; and in the State of Connecticut's June 2, 1997 Reply Brief. The operative facts are not in dispute.
In essence, in summary, the facts indicate that the State and the defendant Connecticut State Employees Association (P-3B) Bargaining Unit ("Union") entered into a collective bargaining agreement covering the period from July 1, 1993 to June 30, 1997. The collective bargaining agreement contained provisions respecting wages, hours and conditions of employment of certain educational employees of the State. Article 35 of the contract, entitled "Notice of Openings" provides in relevant part as follows:
ARTICLE 35 NOTICE OF OPENINGS
 Section One. Each Agency/Facility shall post on appropriate bulletin boards a listing of those . . . positions which reasonably might be expected to provide promotional and lateral transfer opportunities for the bargaining unit members that the Agency or Facility intends to fill at that time . . .
 Section Two. Insofar as practicable, appointments to permanent positions within the bargaining unit shall be made in the following order of preference:
 (1) by promotion of a qualified employee of the agency involved;
 (2) by promotion of a qualified employee of another State agency;
(3) by original appointment.
 No appointment is to be made hereunder until laid off employees eligible for reemployment and qualified for the position are offered reemployment . . .
CT Page 3191
Article 37 of said contract, entitled "Order of Layoff," provides:
ARTICLE 37 ORDER OF LAYOFF
 Section Four. Layoff Procedure. (a) When layoff becomes necessary, the agency will select within a facility or D.M.R. region the least senior employee within the classification series and certification to be eliminated. The incumbent will be provided with as much notice as possible but not less than four (4) weeks.
The facts indicate that pursuant to the agreement, the parties submitted a controversy to arbitration involving Articles 35 and 37 of the contract. An arbitrator was designated. The parties joined in framing the issues to be arbitrated as follows in the submission:
 Did the State violate Article 35 and/or Article 37 of the P-3B Agreement in its filling of the vacancy at DCF's Riverview Hospital on September 6, 1995?
 If so what, consistent with the Agreement, shall be the remedy?
On written notice to both parties, hearing of the dispute occurred on September 19, 1996 in Hartford, Connecticut. Both parties submitted post hearing briefs and the record was declared closed.
In a December 19, 1996 Opinion and Award, the arbitrator analyzed and evaluated the matter which had been submitted to him. See Exhibit B attached to State's January 16, 1997, Application to Vacate. The arbitrator stated, at page 8 that:
 I am persuaded that the parties intended by their contract provisions that the filling of that position in these circumstances should have been based on seniority. I conclude that the notice of layoff triggers not only the internal vacancy transfer and bumping procedures but the creation and use of a reemployment list as well.
On page 9 of the Opinion and Award, he stated as follows: CT Page 3192
 Accordingly, I will direct the parties to attempt to work out a reasonable accommodation of this dispute which is consistent with the determination herein and is satisfactory to the grievants. I will retain jurisdiction of the matter to issue a final determination in the event the parties are unable to reach agreement as outlined above.
SO ORDERED.
It is the State's position that in making such an award, the arbitrator exceeded his powers, or so perfectly executed them that a "mutual, final and definite award upon the subject matter submitted" was not made pursuant to Section 52-418 (a)(4) in the following three ways. First, the State argues that the award does not draw its essence from the contract and does not conform to the submission in that it was insufficiently definite. Secondly, the State argues that there is no authority under the contract from which the arbitrator draws his powers to permit the arbitrator to "retain jurisdiction." Finally, the State argues that an award was not rendered within the time frame set forth in the contract. These arguments will now be analyzed.
LEGAL DISCUSSION
As the defendant notes, "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it." Gary Excavating Company v. North Haven,160 Conn. 411, 413 (1971).
However, as the plaintiff points out, an award "must be final as to the matter submitted so that the rights and obligations of the parties may be definitely fixed." Local 63 Textile Workers Union v.Cheney Brothers, 141 Conn. 606, 617 (1954). The purpose of arbitration is to eliminate future disputes, not defer their resolution. United Electrical Radio and Machine Workers v. UnionManufacturing Company, 145 Conn. 285, 288-89 (1958); United MineWorkers, Etc. v. Barnes and Tucker Company, 561 F.2d 1093, 1098-99
(3rd Cir. 1977) (". . . to grant enforcement of an indefinite arbitration or settlement award would by itself tend to generate future disputes over the scope of the award"). As Judge O'Neill succinctly stated, parties "do not contract to have arbitrators give them disputable solutions but rather definite answers." CT Page 3193State v. Council 4 AFSCME, No. CV-91-0702125, Superior Court, judicial district of Hartford-New Britain at Hartford, (August 9, 1991), O'Neill. J.; Local 1078 v. Anaconda AmericanBrass Company, 149 Conn. 687, 690 (1962). An arbitrator possesses only such powers as the parties give him, and may not exceed what the parties have given, because the authority for arbitration is derived from the agreement of the parties. W.J. Megin, Inc. v. State,181 Conn. 47 (1980). Courts can only enforce such agreements as the parties actually make. Connecticut Union of Telephone Workers v.Southern New England Telephone Company, 148 Conn. 192, 197 (1961). Arbitration is a creature of contract; the parties are bound by the limits they fix. Id. Unauthorized embellishment is frowned upon.
I agree with plaintiff's first argument that in this case the arbitrator failed to render a "mutual, final and definite award upon the subject matter" in this case because the award was not sufficiently definite. In directing the parties to "attempt to work out a reasonable accommodation of the dispute," the arbitrator failed to wholly resolve the dispute, as required by the submission, in that he failed to devise a remedy. See State v. Council 4 AFSCME,supra. Returning the problem to the parties, however well positioned they may be to devise a remedy, is to be distinguished from resolving it. The remedy remains open to negotiation. The award is therefore indefinite. It has been held that if an award requires more than a ministerial act by the parties to implement it, or if it leaves a specific remedy to the judgment of one of the parties, the award is indefinite and should be vacated in its entirety. SeeMercury Oil Refining Company v. Oil Workers International Union,CIO, 187 F.2d 980. 982 (2nd Cir. 1951); United Mine Workers, Etc.v. Barnes and Tucker Company, 561 F.2d 1093, 1098-99 (3rd Cir. 1977). I agree with the State that the negotiation and determination of the position to which the grievant will be reinstated — the essence of the second prong of the submission — involves more than a mere ministerial act.[1] Given the circumstances of this case, then, I must conclude that the award is not "mutual, final and definite" pursuant to Section 52-418 (a)(4). See Schoolnick v.Finman, 108 Conn. 478, 483 (1928), standing in part for the proposition that "An obligation arising under an award can only be enforced if the award is an entire award. It cannot be enforced in parts. The award must stand or fall as an entirety." See alsoState v. Protective Services Employees Coalition, No. CV-81-264316, Superior Court, judicial district of Hartford/New Britain at Hartford (1982), Vasington, J. As the plaintiff notes, in that case the court stated at page 5: CT Page 3194
 In the present matter, the remedy, which merely refers back to Article XI, Section Four, leaves to the Plaintiff the discretion and judgment as to the selection of a specific work schedule. Certainly, without a more clearly defined and definite remedy, the Defendant could not argue that any schedule proposed by the Plaintiff did not conform with a remedy and thereby contest on such ground any schedule proposed by the Plaintiff.
I also agree with the State's second argument that by purporting to "retain jurisdiction" to resolve any issues relating to the remedy, the arbitrator exceeded his authority. As noted by plaintiff, at 6 C.J.S. Arbitration Section 111d, it is stated that "An award, which purports to reserve to the arbitrators or delegate to others the authority to make a future decision of matters that it is the arbitrators' duty to determine judicially at the time they make their decision is invalid." As plaintiff argues, the submission required the arbitrator not only to determine whether provisions of the contract were violated — which the arbitrator determined to be the case — but also to decide what the remedy ought to be. When a final award has been rendered, all power of the arbitrators is exhausted and further action taken by them is void unless the parties confer new authority upon them. Devine v. White, 697 F.2d 421,433 (D.C. Cir. 1983). A reservation of retention of jurisdiction, to supplement an award is a reservation of judicial authority and exceeds the power of an arbitrator. See Mercury Oil Refining Company v.Oil Workers International Union, 187 F.2d 980, 983-86 (10th Cir. 1951).
Moreover, in this case, as the State emphasizes. Article 16, Section 9c of the contract controls. This article, relating to grievance procedure, states in relevant part as follows:
 The arbitrator shall have no power to add to, subtract from, alter or modify this Agreement, nor to grant to either party matters which were not obtained in the bargaining process nor to impose any remedy or right of relief for any period of time prior to the effective date of the Agreement . . . [t]he then thirty calendar days after the conclusion of the hearing unless the parties jointly agree otherwise.
There is nothing in the agreement pursuant to which the parties agreed to permit the arbitrator to "retain jurisdiction" in this matter. As the State notes in its reply brief, the arbitrator's CT Page 3195 powers are defined and limited by the parties' contract. They are not to be likened to those of a Superior Court judge, who may in some instances retain jurisdiction over a dispute.
Last, and closely related to the second argument, the State argues that the arbitrator, by deferring resolution of a part of the issue submitted to him, failed to render his decision within thirty days as required by the arbitration agreement. See Article 16, Section 9c, cited above. The record indicates that the arbitrator's powers lapsed on December 19, 1996. The arbitrator had no authority to retain unlimited control over this matter, in the absence of a contractual provision or agreement by the parties, in light of Article 16, Section 9c. Reference is also made to Connecticut General Statute Section 52-416, indicating that the parties may "Expressly extend the time in which the award may be made by an extension or ratification in writing." No such extension occurred here. See Chmielewski v. AetnaCasualty and Surety Company, 218 Conn. 646, 680 (1991), and other cases cited by the plaintiff, including Wolf v. Gould,10 Conn. App. 292, 300 (1987), and Carr v. Trotta, 7 Conn. App. 272,275 (1986). But see State v. New England Health Care Employees Union, 3 Conn. Ops. 483, Aurigemma, J. (May 5, 1997).
Defendants' argument, at page 7 of its May 5, 1997, memorandum, that the decision was timely "since there can be no confusion over what is to be done in this matter" begs the question and is unconvincing. Given the clear contractual language and the plain import of Section 52-416, the State's argument is the more persuasive.
SUMMARY AND CONCLUSION
Having reviewed this matter, I agree with the three fundamental arguments that the plaintiff has made. A "mutual, final and definite award upon the subject matter submitted," as required by Section 52-418 (a)(4), was not made. The arbitrator exceeded his authority when he purported to "retain jurisdiction" over this matter. Finally, the decision was not rendered in a timely manner as required by the contract between the parties. I conclude that each of these three arguments provides a separate and independent basis to act favorably on the State's Application to Vacate. Viewing them collectively, I reach the same conclusion. Accordingly, the State's Application to Vacate is granted.
LAVINE, J.
ENDNOTE CT Page 3196