### THE UNITED STATES TIME CORPORATION v. WATERBURY WATCH WORKERS UNION

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 17525

Memorandum filed May 4, 1948.

*Carmody, Larkin & Torrance,* of Waterbury, for the Plaintiff.

*William S. Gordon, Jr.,* of Hartford, for the Defendant.

INGLIS, J. This is an application to vacate an arbitration award made pursuant to § 5850 of the General Statutes.

On July 31, 1947, the parties to this action entered into an agreement covering among other things wages, working conditions and grievance procedure affecting the employees of the plaintiff, for whom the defendant is the bargaining representative. This agreement provided for various increases in the hourly rates of pay and that "the separate and several agreements establishing job rates are hereby affirmed as hereinabove modified and shall be considered to be a part of this Article VI." It also provided that if any grievance could not be settled by various preliminary stages of negotiation it should be submitted to arbitration, provided, however, that "Questions involving wages . . . shall not be subject to arbitration," and further that "The arbitrator may interpret this contract and apply it to the particular case submitted to him, but he shall not, however, have authority to add to, subtract from or in any way modify the terms of this contract."

During the war years the plaintiff had established the practice of allowing some of its employees .4 of an hour as a paid lunch period. This practice had been abandoned some weeks prior to the execution of the contract of July, 1947, but its reinstitution had been a matter of discussion.

On September 5, 1947, the defendant filed with the plaintiff a grievance in the following terms:

"The Problem: The .4 hours allotted each day in Depts. 413 and 414 as a paid lunch period has been taken away. Inasmuch as the day-rated jobs in these departments were evaluated for a working day which included the lunch period, a new evaluation should be made with the hourly rate increased to an amount that will allow a total pay increase for the day equal to the pay for .4 hours under the present rate. The Union also requests that retroactive pay be given for this increased daily work from the date that the lunch periods were taken away until the time that the condition is corrected."

This grievance not having been adjusted by conference, the union claimed it for arbitration and it went before Harold J. Lockwood, an arbitrator selected in accordance with the terms of the contract.

Before the arbitrator, the plaintiff made the contention that the dispute was not arbitrable because it involved wages and would require the arbitrator to add to and modify the contract of July, 1947. That contract provided that if there is a dispute as to whether a particular grievance is arbitrable the question of arbitrability shall be submitted to the arbitrator and "shall first be decided by him." So far as the record discloses the arbitrator in this case never did decide the question of arbitrability; but after two days of hearings, to wit, on December 19 and 24, he persuaded the parties to discuss the reframing of the question so as both to avoid the question of arbitrability and to make the issue more definite.

As a result of this discussion, on January 6, 1948, a document was prepared. This document, under the heading "Matters to be Arbitrated and Agreement to Arbitrate," listed four items, the third of which reads as follows: "Does the elimination of the .4 hour paid lunch period in Department 413 and 414 affect the present job rates in those departments, and, if so, should the employees involved receive retroactive pay?" Underneath the list of four items the following appeared: "We, the undersign-

ed, hereby agree to submit for arbitration the aforesaid matters to Harold J. Lockwood, arbitrator; and further we agree to abide by his decision when rendered." This was signed by both the company and the union.

Upon this submission the arbitrator made a finding of facts and conclusions, one of which was: "The Company would have the right to eliminate the paid lunch period at any time just as well as the case where they originally instituted the paid lunch period." He made his award as follows:

"The elimination of the .4 hour paid lunch period in Depart-ments 413 and 414 does affect the present job rates in those departments and the employees involved should receive retro-active pay on the basis of their average earnings prior to the elimination of said paid lunch period."

The first three grounds assigned by the plaintiff as reason for vacating the award are that the arbitrator exceeded his power in that (1) the arbitrator did not pass upon the question of the arbitrability of the question submitted, (2) he violated the pro-vision of the contract of July, 1947, removing questions of wages from arbitration because he ordered a wage increase and (3) his award violates the provision of the contract of July, 1947, to the effect that no such award shall add to or modify that agree-ment, because the award modified the job rate agreement em-bodied in the contract, which job rate agreement fixed the hourly rate of wages independently of the allowance of the paid lunch period, that having been abandoned prior to the signing of the contract of July, 1947.

The answer to all of these claims is found in the fact that the arbitration proceeding was not one which was had pursuant to the contract of July, 1947. It was started as such, but before the award was made it was taken out of that contract by the agree-ment signed on January 6, 1948. That latter agreement was a substitute for the general agreement so far as this specific arbi-tration was concerned. It was, by itself, an agreement to arbi-trate, in which the question for submission was framed. It was upon this arbitration agreement of January 6 that the award was made and not upon the agreement to arbitrate contained in the general agreement of July, 1947.

That being so, the arbitration had thereunder was in no way hedged about by the limitations contained in the agreement of July, 1947. The question of the arbitrability of the question

submitted was not involved. The parties had definitely agreed that the question submitted should be arbitrated by this arbitrator. The fact that the award might affect the rate of wages to be paid did not prevent the question from being arbitrated because in the contract of January 6 the parties did not provide that it should.

For the same reason the arbitrator under this submission was not controlled by the provision in the July, 1947, contract against adding to or modifying the terms of the contract. It is of course true as a matter of general law that the arbitrator was bound to make his award in such a way that it would not modify the terms of any contract between the parties. It was his task to interpret the contract and apply his interpretation thereof to the facts as he found them. He may have found some facts erroneously, as is alleged in the application; he may have misinterpreted the terms of the contract relating to wage rates; but the mere fact that he made such errors does not invalidate his award. It was within his power to find facts and to interpret the contract, and even though his findings and interpretation may have been erroneous it is clear that he did not exceed his powers as an arbitrator in that connection.

The fourth ground alleged in the application is that "a mutual, final and definite award upon the subject matter submitted was not made." Under this head the plaintiff claims that there is an inconsistency between the finding that the company had the right to terminate the paid lunch period and the conclusion that its elimination affected the job rates and the employees should receive retroactive pay, and that this inconsistency renders the award indefinite. These two findings are not inconsistent with each other. It may well be that the arbitrator concluded that the company had the right to terminate the paid lunch period but if the period was eliminated the company thereby got twenty-four minutes a day more working time from each of its employees and for that it ought to pay. In any event, it is the award, not the finding and conclusion of fact, which controls, and the award cannot be found to be indefinite because of some apparent inconsistency between it and the finding of facts.

Under this same head the plaintiff claims that the award is indefinite because the conclusion that the employees should receive retroactive pay does not specify the date to which such payments should extend, and because it provides that such pay

should be figured on the basis of the employees' average earnings without stipulating the method for computing average earnings and in particular as applied to persons who worked less than a full day or a full week. As regards these contentions there is no gainsaying the fact that the award leaves many details unsettled. If it were turned into the form of a judgment just as it stands it is difficult to see how it could be enforced. It may be, therefore, that the whole arbitration proceeding has been fruitless except as the award may furnish the basis for further negotiations or even arbitration between the parties. About all that it does is to establish certain principles as a guide to the parties in resolving the disputes between them arising out of the termination of the paid lunch period practice. It does not follow from all of that, however, that the award is indefinite in the sense which under the statute calls for a vacating thereof. If the award is to some extent inefficacious, the fault lies in the framing of the question which was submitted for arbitration. The question submitted was answered by the award with perfect precision and definiteness, almost categorically. To have attached to the award such orders as would have made it self-enforcing would have been to go outside and beyond the questions submitted. As it stands the award is a definite answer to the question as submitted and therefore it cannot be held that the arbitrator, in the words of the statute, "so imperfectly executed them [his powers] that a mutual, final and definite award upon the subject-matter submitted was not made."

Judgment may enter denying the application to vacate the award.