## THE UNITED STATES TIME CORPORATION v. WATERBURY WATCH WORKERS UNION

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 17647
AT WATERBURY

Memorandum filed June 15, 1948.

*Carmody, Larkin & Torrance,* of Waterbury, for the Plaintiff.

*William J. Secor,* of Waterbury, for the Defendant.

QUINLAN, J. This application to vacate an arbitration award made pursuant to § 5850 of the General Statutes has been fully heard.

The United States Time Corporation, hereinafter called the company, and Waterbury Watch Workers' Union, hereinafter called the union, entered into an agreement dated July 31, 1947, covering rates of pay, hours of work and conditions of employment, hereinafter called the contract, a copy of which, is marked "Exhibit A."

There is set forth in said contract a so-called "Conference Procedure" [Article 10] in which the various steps to be followed in the resolution of grievances are described. The final step in said "Conference Procedure" is arbitration. The powers of the arbitrator are restricted. "The arbitrator may interpret this Contract and apply it to the particular case submitted to him, but he shall, however, have no authority to add to, subtract from, or in any way modify the terms of this Contract".

On September 6, 1947, a grievance, Union No. 1156, was received by the company from the union, reading as follows:

"The Problem: The Union requests that piece rates be published on *all* jobs which are subject to piece work rates, i. e., those on which the operator is now paid the job rate plus a bonus of 15 percent. It was the intent when these jobs were established that they be piece rate jobs and sufficient time has elapsed to allow for evaluation and the publishing of piece rates. Complaints have been registered from operators on these jobs.

"People Directly Involved:

"Operators working 'plus 15 percent operations'."

This grievance was processed through each successive step of the conference procedure specified in article 10 of the contract between the parties. At the conclusion of the mediation stage the grievance was still unresolved, whereupon the union submitted it to arbitration pursuant to § 6 of said article 10.

The Connecticut state board of mediation and arbitration chose Harold J. Lockwood as the arbitrator to whom the dis' pute should be submitted. The grievance was assigned for hearing and was heard before said arbitrator on February 27, 1948, and on March 12, 1948, in Room 359 of the offices of the state department of labor in the State Office Building at Hart' ford, Connecticut.

At the hearing, the question presented by this grievance was reworded by the parties at the suggestion of the arbitrator as follows:

"Does Article VI of the Contract oblige the Company to establish and publish piece rates on jobs subject to piece rates as long as the Company pays job rate plus 15 percent in lieu of incentive?"

This question, together with others, waas set forth in a docu' ment reading at the end thereof, as follows:

"We, the undersigned, hereby agree to submit for arbitration the aforesaid matters to Harold J. Lockwood, arbitrator, and further we agree to abide by his decision when rendered.

"P. J. McFadden,
for the Company.

"James Galullo,
for the Union."

The arbitrator made a finding and decision, received by the company on April 24, 1948, the award reading as follows:

*"Decision*

"In line with the evidence and contract, the piece rate should be established and published within 30 days, unless it is mutually agreed that the job is not piece-ratable.

"/s/ H. J. Lockwood
Arbitrator."

It will be seen that whatever a legal mind would say of the interpretation, both parties had joined in an agreement, apart from the contract, to submit the foregoing question to arbitra' tion. The parties agreed to abide by the decision of the arbitra' tor. They did not, however, agree to submit anything more than the stipulated question. The arbitrator has gone farther than the question contemplated by fixing a time and a proviso to

his decision. In this there is a distinction between this case and *United States Time Corporation* v. *Waterbury Watch Workers' Union*, 15 Conn. Sup. 391. In that case the company attacked the award for indefiniteness, and Judge Inglis said "to have attached to the award such orders as would have made it self enforcing woud have been to go outside and beycnd the questions submitted."

It may be that not to do so leaves the award less effectual, but the arbitrator among his recital of facts says "the right to establish job classification is essentially a management function."

I conclude then that the arbitrator has decided the stipulated question for arbitration and the parties agreed to abide by the decision. This part of the award, therefore, should not be vacated. To the extent, however, that the arbitrator has gone beyond the question submitted, which provided only for an interpretation of the obligation of the company, he acted in excess of his powers by adding the language after the word "published," and that part of the award is vacated, even though it may require further negotiations as to time of effect and definition of piece-rate jobs. The necessary order or orders may be prepared and submitted.